### R. B. KILLIAN v. MAIDEN CHAIR COMPANY.

(Filed 23 December, 1931.)

**1. Judgments F a—Judgment may be rendered out of term and out of district upon consent of parties.**

Ordinarily a judgment cannot be entered by a Superior Court judge out of term and out of the district wherein the cause is pending when not falling within certain exceptions where the judgment may be entered *nunc pro tunc*, but this rule does not apply when the parties to the action appear at the time of the rendition of the judgment and consent that the judge consider the matter and enter the judgment.

KILLIAN *v.* CHAIR CO.

**2. Appeal and Error J c — Judge's finding that parties consented to rendition of judgment out of term and county is conclusive.**

While it is the better practice for the consent that judgment be rendered out of term or out of the county in which the action was pending to be put in writing, it is not essential that this be done, and where the judgment excepted to states as a fact that such consent was in fact given, it is conclusive upon the parties in the absence of collusion or fraud.

**3. Appeal and Error J b—Held: court's refusal, in his discretion, to allow plaintiff to file exceptions or set up plea is not reviewable.**

Where the receiver of a corporation has paid under the order of the court certain sums to one of the creditors without objection by the plaintiff, the refusal of the trial court in his discretion to permit the plaintiff to later file exceptions to the orders under which the payments were made or let him set up a plea attacking the validity of the contract under which the claim was filed, is conclusive and not reviewable on appeal. The principle upon which a party may not take a voluntary nonsuit where a counterclaim has been filed does not arise under the facts of this case.

**4. Judgments F e—Judgment in this case held not objectionable as being conditional.**

Where a party to an action consents to the abandonment of a right he has therein set up, and this is done and the judgment accordingly rendered, the judgment is not objectionable as being a conditional judgment when it is final and requires no future act to be done or condition to be performed by any of the parties.

CIVIL ACTION, before *Clement, J.,* at Chambers, Mocksville, N. C., 1 September, 1931. From CATAWBA.

On or about 17 July, 1929, the plaintiff, a stockholder of defendant, instituted an action against the defendant alleging that it was in imminent danger of insolvency. The complaint alleged that the indebtedness amounted to approximately $385,500. It was further alleged that the defendant had notes receivable worth about $200,000, "on which the Merchants Transfer and Storage Company of Washington, D. C., has a lien to the amount of about $186,000," etc. There was a prayer for the appointment of a receiver. On 22 July, 1929, C. R. Brady was duly appointed receiver of defendant and directed in his discretion "to run and operate the factory plant owned by defendant company and to employ all such assistants, superintendents, clerks and laborers, as may be necessary to properly operate said furniture plant until further orders of this court." The record discloses that the order appointing a permanent receiver was consented to by attorneys for the plaintiff and the defendant. On 14 November, 1929, the receiver filed a petition in the cause stating "that on or about 25 February, 1927, the Maiden Chair Company executed an assignment to the Merchants Transfer and Storage Company, a Delaware corporation, of Washington, D. C., agreeing to

assign to and did assign to the Merchants Transfer and Storage Company from time to time its accounts receivable for value, . . . and that there was about $211,000 of these accounts held by the Merchants Transfer and Storage Company as aforesaid. . . . That by the terms of said contract between the Maiden Chair Company and the Merchants Transfer and Storage Company the Maiden Chair Company was to collect the accounts from its debtors from time to time and remit the full collection to the Merchants Transfer and Storage Company; . . . that up to this time he has collected approximately $70,605.82, and your receiver has paid to the Merchants Transfer and Storage Company from said collections the sum of $28,298.04, and that your receiver still has on hand in a bank in New York and the Citizens Bank at Conover, N. C., the sum of $42,307.78, and he is still collecting on said accounts from time to time. That some question has arisen as to whether or not your receiver should have paid the amount aforesaid to the Merchants Transfer and Storage Company, as set out, and pay the amount now on hand to it, and pay the amounts as collected from time to time, until the said Merchants Transfer and Storage Company is paid in full, without an order of the court." On the same day, to wit, 14 November, 1929, Judge Harding considered the petition and entered an order approving the action of the receiver in paying to the Merchants Transfer and Storage Company the said sum of $28,298.04, and further directed the receiver to pay the balance in his hands then due said Merchants Transfer and Storage Company under and by virtue of the terms of the contract referred to in the petition of the receiver.

The receiver made reports from time to time and these reports were approved by the court and certain allowances were made by orders duly entered. On 1 December, 1930, the Merchants Transfer and Storage Company filed a petition after notice setting out the contract existing between it and the defendant, and alleging that the receiver had in his hands the sum of $2,656.64, which had been demanded by the petitioner, but that the receiver had declined to pay the same and requesting an order directing the receiver to pay said sum to the petitioner. The receiver filed an answer to the petition of the Merchants Transfer and Storage Company, setting out that he had incurred certain expense in collecting accounts for the Merchants Transfer and Storage Company and suggesting that these expenses should be paid out of said fund.

In the meantime a creditors' committee of defendant filed an answer to the petition of the Merchants Transfer and Storage Company, alleging that as the receiver had spent most of his time and energy in collecting accounts for said petitioner that the result was that the creditors who had received nothing on their claims were bearing the financial burden

of collections for the benefit of petitioner. The creditors' committee thereupon asked that the court appoint a referee to take and state an account between all the parties. The cause was heard by Judge Clement in January, 1931, and after considering the merits of the question presented, appointed a referee. The creditors' committee thereafter filed an amendment to the petition of the Merchants Transfer and Storage Company attacking the contract between the defendant company and the petitioner Storage Company, and alleging that the Storage Company was securing a preference which was unlawful, and praying that the court direct a receiver "to proceed forthwith by whatever process he may be advised and recover from the petitioner, Merchants Transfer and Storage Company, said amount to be ascertained before the referee and constituting the entire amount paid by the receiver to said petitioner."

Thereupon on 8 July, 1931, the plaintiff Killian filed a supplemental petition alleging that the receiver had no right to pay any funds to the Storage Company, and that the action of the receiver in paying money under order of court to the Storage Company was wrongful and unlawful. It was further alleged that the Storage Company had charged more than six per cent, and that the transactions between the Storage Company and the defendant, Chair Company, were usurious. Whereupon, the plaintiff prayed an order directing the receiver to file an itemized statement of his accounts and of all sums disbursed to the Storage Company, and to set aside the orders made from time to time by the judge of the Superior Court directing and approving payments theretofore made to the Storage Company. On 16 July, 1931, the attorney for the Storage Company served notice on the attorneys for the receiver and of the creditors' committee and of plaintiff Killian that he would file a motion for permission to withdraw the petition theretofore filed by the Storage Company, such motion to be heard before his Honor, Judge Clement, at Chambers, in Bakersville on 28 July, 1931. On 18 July, 1931, the plaintiff filed certain exceptions denying that he had consented to the appointment of a receiver or that he had authorized any one to act in his behalf, and also attacking the motion made by the receiver and excepting to all orders made by the court.

The cause came on for hearing before Clement, J., at Wilkesboro, on 12 August, 1931. The pertinent portions of the judgment rendered are as follows: "This cause coming on to be heard, by consent of the parties, at Chambers, in the courthouse in Wilkesboro, N. C., on 12 August, 1931, . . . upon the motion heretofore filed in this cause by the Merchants Transfer and Storage Company, a corporation, for an order requiring the receiver of the defendant to pay to it certain money in the sum of $2,821.35. . . . And upon the motion of the said Mer-

KILLIAN v. CHAIR CO.

chants Transfer and Storage Company to be allowed ·to withdraw its said motion and to strike out its appearance in this cause. . . . And coming on, further, to be heard upon the motion herein filed by a committee of creditors of the Maiden Chair Company, and upon the motion of plaintiff, R. B. Killian, to be allowed to file exceptions to orders and reports of the receiver, . . . and further, to file a plea of usury on behalf of said plaintiffs against the said Merchants Transfer and Storage Company. . . . After hearing the argument of counsel, the court finds that the plaintiff, R. B. Killian, is and was, at all times, the plaintiff in this action, and that he instituted this action on 20 July, 1929, and that the said plaintiff consented to the judgment and order of Harding, J., entered by consent on 2 July, 1929, . . . and that at a hearing on 12 August, 1931, at Wilkesboro, N. C., the said plaintiff, R. B. Killian, appeared through his counsel and made the foregoing motions as above recited. . . . After hearing the same the court announced that it was of the opinion that the plaintiff, R. B. Killian, was a party and approved all the proceedings in this cause, and having knowledge of the same, that the court was without power now to allow him to except to said orders, and that said plaintiff had, in fact, consented to the order and judgment appointing C. R. Brady receiver of defendant, and the court declined in its discretion to grant the motion made on behalf of plaintiff, R. B. Killian. The court is further of the opinion that the creditors had not been diligent and had not presented their objections prior to the disbursement of funds by the receiver pursuant to orders hereinbefore entered, and that such creditors were not entitled, in their own right, to set up a plea of usury. . . . The court is further of the opinion upon the conditional offer made by counsel for the Merchants Transfer and Storage Company to waive its claim to the said fund in the sum of $2,821.35 in case it is allowed to withdraw its motion and strike out its appearance herein, and the said motions having been allowed, that the said fund in the sum of $2,821.35 in the hands of said receiver and collected from said accounts shall be hereafter distributed as such to creditors, in the distribution of which the Merchants Transfer and Storage Company is not to participate. . . . This order is entered at Mocksville, N. C., at Chambers, on 1 September, 1931, all parties having agreed that the court should enter its final order on said motions at said time and place."

From the foregoing judgment the plaintiff, Killian, appealed.

*W. H. Childs and W. H. Dennis for plaintiff.*
*W. A. Self for receiver.*
*M. H. Yount, Osmer L. Henry and Varser, Lawrence & McIntyre for Transfer and Storage Company.*

BROGDEN, J. The questions of law presented by the appeal are:

1. Has a Superior Court judge power to make an order in receivership proceedings outside of the county of the judicial district in which the cause is pending?

2. Has a Superior Court judge power to permit a party to withdraw a petition in a receivership proceeding?

The plaintiff contends that the order made in this cause on 1 September, 1931, was invalid by reason of the fact that the judge entered the order out of the judicial district in which the action was pending and out of the county in which the suit had originally been instituted. This contention, however, must be interpreted in the light of the facts found by the judge at the time the order was entered. He finds as a fact that the motions and exceptions were submitted to him in Wilkesboro on 12 August, 1931, "by consent of the parties." He further finds as a fact that the judgment rendered at Mocksville on 1 September, 1931, was upon the agreement of all parties "that the court should enter its final order on said motions at said time and place." Ordinarily a judgment cannot be entered out of term and out of the district unless such judgment falls within that class of decrees which may be made *nunc pro tunc*. However, this principle does not apply where the parties are present in court either in person or by attorney and consent that a hearing may be had and a judgment rendered. This idea was thus expressed in *Hemphill v. Moore,* 104 N. C., 379, 10 S. E., 313: "It is in case of motions and proceedings in an action out of term-time that a special notice to the adverse party must generally be given. But, in such cases, if the opposing party should appear, by himself or his counsel, he would, ordinarily, have been deemed to have taken actual notice and to have waived formal notice." Indeed, in *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1, express sanction was given to a judgment signed by an emergency judge out of term and out of district when it appeared that all the parties had fully consented to such procedure. In order to avoid misunderstanding between counsel for opposing parties, it is perhaps advisable that such consent should be given in writing. Nevertheless, a writing is not essential to the validity of the judgment or order in the absence of a denial that consent was given. Moreover, when the judge finds as a fact that consent was actually given, whether in writing or not, and this finding is set out in the judgment, it is binding upon the parties in the absence of fraud or collusion. *Westhall v. Hoyle,* 141 N. C., 337, 53 S. E., 863; *Henry v. Hilliard,* 120 N. C., 479, 27 S. E., 130.

The second question of law becomes immaterial upon the facts found by the judge and set forth in the order for the reason that the judge

KILLIAN v. CHAIR CO.

in his discretion declined to permit the plaintiff to file exceptions or to set up a plea attacking the validity of the contract between the defendant and the Storage Company. Hence there was nothing before the court in the nature of a counterclaim or equity, which the plaintiff had a right to have determined in the action. The judge found as a fact that the plaintiff had full notice of all the orders in the receivership proceedings and had fully consented to such orders, and that the larger portion of the fund which was the subject of the controversy, had been disbursed by the receiver under proper order of the court. A party is not permitted to withdraw or take a nonsuit or bow himself out of court when his adversary has set up a counterclaim or claim of an equitable nature involving rights which have attached and which he is entitled to have determined in the action. But this principle is not applicable to the facts appearing in the record. *R. R. v. R. R.*, 148 N. C., 59, 61 S. E., 683.

A further contention is made to the effect that when the judge permitted the Storage Company to withdraw its petition upon the understanding that said Storage Company would abandon any and all claim to the sum of $2,821.35 in the hands of the receiver that such judgment was a conditional judgment and prohibited by law. McIntosh on North Carolina Practice and Procedure, page 731, writes: "A conditional judgment is one whose force depends upon the performance or nonperformance of certain acts to be done in the future by one of the parties, as where a judgment was given for the plaintiff, to be stricken out if the defendant filed a bond within a certain time, and this was held to be void. But where the judgment is definite and certain, and a condition is added which may operate to carry the judgment into effect, it is not conditional; as in a judgment for foreclosure the property is to be sold if the judgment is not paid within a certain time, or that the judgment may be satisfied by giving secured notes by a certain time. Where the parties agree that a certain judgment may be entered upon failure to comply with a certain condition, and it is so entered after failure, it is not a conditional judgment." The judgment in the case at bar contemplated no future act to be performed by any of the parties. It waived its claim to the fund in open court and was thereupon permitted to withdraw, leaving the fund to the exclusive control of the court.

Affirmed.