ALICE B. SGUROS v. PETER L. SGUROS.

(Filed 27 April, 1960.)

**1. Divorce and Alimony § 16—**

The plaintiff in an action for alimony without divorce on the ground of abandonment is not required to allege the acts and conduct relied upon as the basis of the action with that degree of particularity as is required when the cause of action is based on such indignities to the person of plaintiff as to render her condition intolerable and life burdensome. G.S. 50-16.

**2. Divorce and Alimony § 18—**

In this action for alimony without divorce on the ground of abandonment, G.S. 50-16, the court's findings are *held* sufficient to entitle plaintiff to an award of alimony *pendente lite* and to counsel fees.

**3. Same—**

In fixing the amount to be allotted as subsistence pending trial on the merits, the court should take into account the estate and earnings of the husband as well as the estate and earnings of the wife.

**4. Same—**

Where the husband quits one employment and accepts another employment at a lower salary solely for the reason that the second employment offers greater opportunities for advancement in his specialized field, and there is no finding or evidence that the husband acted otherwise than in good faith, the allowance of alimony *pendente lite* should be based upon the lower salary, and he may make a motion in the cause to have the amount of alimony reconsidered for such change of condition.

**5. Same—**

The law recognizes the responsibility of the father to support his children and the responsibility of the husband to provide subsistance for his wife, and therefore in an action for divorce, alimony and subsistence may be awarded her under G.S. 50-15, G.S. 50-16 if she is the plaintiff and under the common law if she is the defendant.

**6. Same—**

In fixing the amount of subsistence to the wife *pendente lite* the court may properly award the wife in addition to monthly allowance, exclusive possession of the home, the furnishings and the family automobile, and require defendant to make payments on the mortgage on the home in order that the wife and children may have a place to live, but the award of alimony *pendente lite* is solely for the purpose of providing subsistence and counsel fees pending the litigation, and it is error for the court to go further and direct that she should have a lien on the home for the amounts paid by her on the mortgage out of the monthly allowance to her.

APPEAL by defendant from *Johnston, J.,* August 25, 1959 Term, FORSYTH Superior Court.

This is a civil action for alimony without divorce. The plaintiff alleged abandonment and failure to support the plaintiff and the two children born of the marriage. Pending trial on the merits, the plaintiff asked for alimony *pendente lite,* counsel fees, and custody of the children. In support of the motion for alimony *pendente lite* the plaintiff filed an affidavit alleging in substance the defendant had an annual income of $12,000; that the necessary living expenses for herself and the children are $578.95 per month. Included in that total is an item of $113.12 per month due on the purchase price of the home, title to which is in the defendant's name but now occupied by the plaintiff and the children. Plaintiff admits she is working at a gross salary of $271 per month.

The defendant filed a verified answer in which he admitted the parties are living separate and apart, but he alleged that he had just and adequate cause for the separation, giving details; that he has delivered to the plaintiff the possession of the home, worth more than $20,000, the furnishings, worth $5,000, and the family automobile; and in addition he has paid her more than $2,800 cash during the preceding five months, leaving him insufficient income for his own needs; that he is now employed as a professor in Miami University at an annual salary of $8,000.

After a hearing on the motion for alimony *pendente lite,* Judge Johnston made findings of fact of which the following are pertinent to this appeal:

"5. The defendant is a strong, able-bodied man, and was employed by Reynolds Tobacco Company Research Department in Winston-Salem, North Carolina, at an annual wage of $10,800. In addition to his annual wage, the defendant also participated in drills with the United States Naval Reserve Unit in Winston-Salem, North Carolina, where he received an annual income of $1,000 per year. The defendant on or about August 25, 1959, terminated his employment with Reynolds Tobacco Company, and also terminated his relationship with the United States Naval Reserve Training Center in order to take employment at the Marine Laboratory at the University of Miami, at an annual wage of $8,000."

"7. At the time of the separation by the defendant from the plaintiff, and also at the time of this hearing, the plaintiff had in her possession the house and lot at 450 Lynn Avenue, in the City of Winston-Salem, North Carolina, and a 1956 Oldsmobile automobile; and it appearing to the Court that the plaintiff should be allowed temporary subsistence in the amount of $200.00 per month, together with the right of exclusive occupancy of the family residence at

450 Lynn Avenue in Winston-Salem, North Carolina, and the exclusive possession of said 1956 Oldsmobile automobile; and it further appearing that the amount of $150.00 should be paid to the plaintiff for the maintenance and support of the two minor children born of the marriage; and it further appearing that the plaintiff is a fit and proper person to have the custody of said children, and that the sole and exclusive custody of the children should be awarded to the plaintiff."

"8. It further appearing to the Court that the defendant is the owner of the house and lot located at 450 Lynn Avenue in the City of Winston-Salem (described in deed recorded in Deed Book 718, page 429, office of the Register of Deeds of Forsyth County) and that it will be necessary and is contemplated by the Court that the plaintiff shall pay the monthly amounts of $113.12 to Wachovia Bank and Trust Company on the the note secured by deed of trust on said house and lot, which amount includes taxes and fire insurance";

Upon the facts found the court entered an order (1) awarding custody of the children to the plaintiff; (2) giving the plaintiff exclusive possession of the home, the furnishings, and the family automobile; (3) requiring the defendant to pay to the plaintiff for the benefit of the children the sum of $150 per month; and (4) to pay to the plaintiff the sum of $200 per month from which she shall pay the monthly installments of $113.12 due on the purchase money mortgage, taxes and insurance on the home. The order further provided: "Now, therefore, it is ordered by the Court that the plaintiff shall have a lien on the house and lot above described for any amounts she may pay on the mortgage indebtedness to Wachovia Bank and Trust Company, and for taxes or insurance."

From the foregoing order, defendant appealed.

*Clyde C. Randolph, Jr., Keith Y. Sharpe for defendant, appellant.*
*Deal, Hutchins and Minor, By: Edwin T. Pullen for plaintiff, appellee.*

HIGGINS, J. The complaint states a cause of action based on abandonment under G.S. 50-16. Hence it is not necessary to allege with particularity acts and conduct as required when the cause is based on such indignities to the person as to render the condition intolerable and life burdensome. See *Caddell v. Caddell*, 236 N.C. 686, 73 S.E. 2d 923; *Allen v. Allen*, 244 N.C. 446, 94 S.E. 2d 325; *Ollis v. Ollis*, 241 N.C. 709, 86 S.E. 2d 420. The evidence before the court is

sufficient to sustain the court's finding of abandonment and the suitability of the plaintiff to have custody of the children. Likewise the evidence is sufficient to entitle the plaintiff to an award of alimony *pendente lite* and counsel fees. *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867.

In fixing the amount to be allotted as subsistence pending trial on the merits, the court should take into account the estate and earnings of the husband as well as the estate and earnings of the wife. *Herndon v. Herndon,* 248 N.C. 248, 102 S.E. 2d 862; *Rayfield v. Rayfield,* 242 N.C. 691, 89 S.E. 2d 399; *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226. However, in fixing the alimony payments in this case the court apparently did so on the basis of the defendant's annual income of $11,800 at the time the action was instituted rather than upon the annual income of $8,000 at the time the order was signed.

At the time the action was instituted the defendant, who "has a Ph.D. degree in Bacteriology," was employed in the research department of Reynolds Tobacco Company at a salary of $10,740 per year and a further salary of $1,000 per year from the Naval Reserve Unit to which he belonged. Subsequently he resigned from Reynolds, retired from the Naval unit, and accepted an associate professorship at Miami University in Florida at a salary of $8,000 per year.

According to his affidavit his opportunities for advancement in his special field are greater as a university teacher than as a tobacco laboratory technician. There is neither allegation nor evidence, nor finding his change of positions was otherwise than for the reason he assigns. Under the circumstances here disclosed, we hold he had the right, so long as he acted in good faith, to accept the professorship at Miami even though at a reduction in salary. The court should have fixed the monthly payments on the basis of a salary of $8,000. If, as the defendant contends, the allowance was made on the basis of conditions no longer existing, he may, by motion in the cause, show how he is prejudiced by the order now in effect and have it reconsidered.

The parties have resorted to the court for settlement of their differences. It is the policy of the law to be impartial with respect to the merits of the controversy. However, the law recognizes the responsibility of the father to support his children. It likewise recognizes the responsibility of the husband, according to his means, to provide subsistence and counsel fees for his wife who has a cause of action against him and who is financially unable to provide them for herself. If the wife is the plaintiff, her remedy pending final decision is provided by G.S. 50-15, 50-16. If she is the defendant, her remedy

is under the common law. *Branon v. Branon*, 247 N.C. 77, 100 S.E. 2d 209.

After the trial judge has determined an allowance is justified, the amount is left to his sound judicial discretion, not subject to review except for abuse or error of law. We hold it was proper in this case to award exclusive possession of the home, the furnishings, and the family automobile to the wife, and to require the defendant to make payments on the mortgage in order that the plaintiff and the children may have a place to live. *Wright v. Wright*, 216 N.C. 693, 6 S.E. 2d 555.

The court ordered the defendant to pay the plaintiff $200 per month—$113.12 of which she was directed to pay on the mortgage. Taking into account her salary and the $86.88 available to her after the payment on the mortgage, she has for her own use more than $350.00 per month. However, the order attempts to give to the wife a lien on the home for the additional $113.12 per month paid by the defendant. A *pendente lite* order is intended to go no further than provide subsistence and counsel fees pending the litigation. It cannot set up a savings account in favor of the plaintiff. Such is not the purpose and cannot be made the effect of an order. The order is modified by striking that part which attempts to create a lien. Otherwise it was within the discretionary power of the judge.

Modified and affirmed.