JULIA YEARWOOD v. THOMAS RAY YEARWOOD

No. 70

(Filed 6 May 1975)

1. **Divorce and Alimony § 18— alimony pendente lite — transfer of automobile title**

    The trial judge acted within his authority in directing defendant to transfer possession and title to an automobile as alimony *pendente lite*. G.S. 50-16.7(a) and (c).

2. **Divorce and Alimony § 18— alimony pendente lite — possession of home — mortgage payments — accruing equity**

    In awarding alimony *pendente lite* to plaintiff, it was proper for the court to award plaintiff exclusive possession of the home owned jointly by the parties and to require defendant to make the monthly payments on the mortgage in order that plaintiff and their two children might have a place to live; however, the court erred in giving plaintiff "the equity accruing" in the jointly owned property to the extent of the mortgage payments made by defendant *pendente lite*.

ON *certiorari* to review the decision of the Court of Appeals affirming the judgment of *Read, J.,* entered 6 May 1974 in the District Court of DURHAM.

Plaintiff-wife instituted this action against defendant-husband on 22 March 1974 for alimony without divorce, custody and support of the two minor children of the marriage, and attorney's fees. She alleged that defendant's unexplained absences from home, his verbal abuse, and unprovoked assaults upon her had rendered her life burdensome and intolerable; that on 16 February 1974 she had been forced to flee with the children from the home; that she is the dependent spouse without sufficient means upon which to subsist during the prosecution of this action and to defray the expense of the suit.

Answering the complaint, defendant alleged that upon their last reconciliation on 6 September 1973 plaintiff had condoned all his previous marital misconduct; that thereafter he had devoted all his time and effort to making the marriage work, but plaintiff's attitude and insults had rendered his life burdensome and intolerable; and that she had provoked him to assault her. He denied, however, that "he beat her severely." Upon additional allegations of plaintiff's adultery and her abandonment of him, defendant prayed that he be awarded custody of the minor children and that he be granted an absolute divorce

from plaintiff or, in the alternative, a divorce from bed and board.

On 28 March and 3 April 1974 Judge Read heard plaintiff's motion for alimony *pendente lite,* child support, counsel fees and possession of the home. Upon supporting evidence the judge found the facts against defendant and in accordance with plaintiff's allegations. Upon these findings, on 6 May 1974, he entered the following order:

(1) That defendant surrender to plaintiff possession of the home, which they had previously occupied together and which they owned as tenants by the entirety subject to a mortgage. (2) That "as alimony" defendant pay directly to the mortgagee $110 per month, the amount of the mortgage payments on the home; "[t]hat the equity accruing from this date from the house payments will be that of the plaintiff alone." (3) That defendant transfer to plaintiff the title to the 1973 Volkswagen and that she assume the balance due on the vehicle, the sum of $1,500, payable at $72 a month. (4) That plaintiff have custody of the two children "with reasonable visitation rights to defendant." (5) That as "child support" defendant pay $50 a week into the office of the clerk of the superior court for the children's support and maintain the health, medical, and dental insurance then in effect on the two children. (6) That defendant pay to plaintiff's attorney the sum of $250 as reasonable attorney's fees.

From the foregoing order defendant appealed. The Court of Appeals affirmed in an opinion reported in 23 N.C. App. 532, 209 S.E. 2d 376 (1974). Upon defendant's petition we granted *certiorari.*

*Clayton, Myrick, McCain & Oettinger for defendant appellant.*

*No counsel contra.*

SHARP, Chief Justice.

Defendant's appeal to this Court presents these questions: In awarding alimony *pendente lite* to plaintiff, did the trial judge have authority to order defendant (1) to transfer to her title to the Volkswagen, and (2) to allot to her "the equity accruing" in the jointly owned home from the monthly mortgage payments, which defendant was ordered to pay?

---

Yearwood v. Yearwood

---

As defined by N. C. Gen. Stats. 50-16.1(2) (Supp. 1974) " 'Alimony pendente lite' means alimony ordered to be paid pending the final judgment of divorce in an action for divorce, whether absolute or from bed and board, or in an action for annulment, or on the merits in an action for alimony without divorce."

Upon application, pursuant to G.S. 50-16.8, a dependent spouse who is a party to any one of the actions listed in G.S. 50-16.1(2) is entitled to alimony *pendente lite* if the judge finds from the evidence presented (1) that such spouse is entitled to the relief demanded in the action and (2) that the dependent spouse has not sufficient means upon which to subsist and to defray the necessary expenses of the action. G.S. 50-16.3(a). Such alimony is specifically "limited to the pendency of the suit in which the application is made." G.S. 50-16.3(b). Alimony *pendente lite* (like alimony) "shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." G.S. 50-16.5(a).

Section (a) of G.S. 50-16.7 provides *inter alia:* "Alimony or alimony pendente lite shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, or a security interest in or possession of real property as the court may order." Section (c) provides: "If the court requires the transfer of real or personal property or an interest therein as a part of an order for alimony or alimony pendente lite as provided in subsection (a) or for the securing thereof, the court may also enter an order which shall transfer title, as provided in G.S. 1A-1, Rule 70 and G.S. 1-228."

[1] Applying the foregoing statutes to the facts of this case we hold that the trial judge acted within his authority in directing defendant to transfer possession and title to the Volkswagen to plaintiff as alimony *pendente lite*. G.S. 50-16.7(a) and (c) clearly authorized the transfers. Defendant held title to two automobiles, a 1963 Falcon on which the record discloses no lien, and the Volkswagen on which was due a balance of $1,500, payable $72 a month. Plaintiff was awarded the encumbered vehicle and defendant was relieved of all responsibility for making the monthly payments. He has no cause to complain under the law or the facts.

[2]   It was also proper to award plaintiff exclusive possession of the home and to require defendant to make the monthly payments on the mortgage in order that plaintiff and their two children might have a place to live. We hold, however, that the court erred in giving plaintiff "the equity accruing" in the jointly owned property to the extent of the mortgage payments made by defendant *pendente lite*. The judge's obvious purpose in this portion of his order was to give plaintiff a security interest in the parties' equity in the home so that, upon a sale of the property, prior to a division of the equity between them, plaintiff would receive the amount of the mortgage payments which defendant had made during the litigation. The facts in this case are indistinguishable from those in *Sguros v. Sguros*, 252 N.C. 408, 114 S.E. 2d 79 (1960), and the rationale of that case is controlling here.

In *Sguros*, the court awarded the plaintiff-wife exclusive possession of the home and ordered the defendant-husband to pay her $200 per month—$113.12 of which she was directed to pay on the mortgage. The court's order further provided that "the plaintiff shall have a lien on the house and lot . . . for any amounts she may pay on the mortgage . . . . "

In directing the modification of the order in *Sguros*, Justice Higgins, speaking for the Court, said: "A *pendente lite* order is intended to go no further than provide subsistence and counsel fees pending the litigation. It cannot set up a savings account in favor of the plaintiff. Such is not the purpose and cannot be made the effect of an order. The order is modified by striking that part which attempts to create a lien." *Id.* at 412, 114 S.E. 2d at 82. The same modification must be made in this case.

This cause is returned to the Court of Appeals with directions that it be remanded to the District Court of Durham County with instructions to modify the order from which defendant appealed by striking that portion which attempts to award plaintiff "the equity accruing" from the monthly payments which defendant is required to make *pendente lite* on the mortgage upon the home.

Affirmed in part, reversed in part.