PARKER WHEDON v. JEANNETTE C. WHEDON

No. 8126SC754

(Filed 3 August 1982)

**1. Divorce and Alimony § 16.8— amount of alimony—ability to pay**

   While the court must consider the needs of the spouse seeking alimony in the context of the family unit's accustomed standard of living, it must also determine that the supporting spouse has the financial capacity to provide the support needed therefor. G.S. 50-16.5.

**2. Divorce and Alimony § 16.8— amount of alimony—ability to pay—income at time of award**

   Unless the court finds that a supporting spouse is deliberately depressing his income in disregard of his marital obligation to provide reasonable support, and applies the "capacity to earn" rule, a supporting spouse's ability to pay alimony is ordinarily determined by his income at the time the award is made.

**3. Divorce and Alimony § 16.9— amount of alimony—ability to pay—immaterial findings**

   The trial court's order that plaintiff husband pay defendant wife $1,259 per month as permanent alimony until defendant vacated the marital home and $1,467 thereafter was supported by the court's finding that plaintiff's net average monthly income for 1980 would exceed $3,200, and the court's findings of plaintiff's average earnings from 1976 through 1980 and that his recently depressed income from his law practice was not expected to continue were immaterial and could be disregarded. G.S. 50-16.9.

**4. Divorce and Alimony § 16.9— alimony—payment of automobile insurance**

   The trial court's order that the husband pay the wife's automobile liability and collision insurance was a proper incident of the court's sequestration of one of the husband's automobiles to the wife.

Whedon v. Whedon

5. **Divorce and Alimony § 16.9— alimony while living in marital residence—different amount upon move therefrom**

The trial court's order that the husband pay one amount of alimony if defendant lives in the marital residence and another amount if she moves therefrom was not void as a conditional or alternative judgment, since the order was definite and certain, and the condition regarding defendant's moving merely operated to render effective one of the provisions of the order.

6. **Divorce and Alimony § 16.6— absence of job skills—sufficiency of evidence**

The trial court's finding that defendant wife had no readily available job skills was amply supported by evidence that defendant was fifty-five years old, had not worked in the business world in over 20 years, and would be fifty-eight years old before she could renew her teacher's certificate, assuming she successfully completed the necessary courses.

7. **Divorce and Alimony § 16.9— possession of residence as alimony—payment of mortgage, taxes and insurance**

The trial court did not err in granting sequestration of the marital residence to defendant wife and in ordering plaintiff husband to pay the mortgage payments, ad valorem taxes, and hazard insurance on the residence.

8. **Trial §§ 11, 57— nonjury trial—limiting jury arguments**

The district court in an alimony case did not err in limiting concluding arguments of counsel to 10 minutes for each party since the argument of counsel in a civil, nonjury case is a privilege, not a right, which is subject to the discretion of the presiding judge.

9. **Divorce and Alimony § 18.16— counsel fees—work prior to pleadings**

The trial court in an alimony action did not err in allowing counsel fees for work by defendant wife's attorneys prior to the filing of pleadings.

10. **Divorce and Alimony § 18.16— counsel fees—two attorneys**

An award of counsel fees to defendant wife in an alimony action was not erroneous because defendant was represented by two attorneys where the trial court eliminated duplicate trial time in determining the amount of the award.

11. **Divorce and Alimony § 18.16— counsel fees—sufficiency of inquiry**

The trial court conducted a sufficiently broad inquiry into the matter of attorney fees in an alimony action where the court held a separate hearing on this issue and made extensive findings of fact on the nature of the services rendered and the amount of time involved, and the court found specifically that plaintiff husband possessed the ability to defray these expenses.

12. **Divorce and Alimony § 16.9— income taxes on alimony—erroneous order**

While income tax consequences are among factors properly considered in awarding alimony under G.S. 50-16.5(a), the trial court erred in ordering plaintiff husband to pay income taxes on defendant wife's alimony since the tax payments would constitute further taxable income to defendant and result in an interminable cycle of further payments by plaintiff to defendant, and the

uncertainty thus created would render impossible a determination of the precise amount of alimony awarded and the reasonableness or fairness of the award.

APPEAL by plaintiff from *Saunders, Judge.* Judgment entered 17 February 1981 and supplemental order entered 25 March 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals 30 March 1982.

Plaintiff husband filed for absolute divorce based on one year's separation. He admitted that he abandoned defendant, that she is the dependent spouse and he is the supporting spouse, and that she is entitled to reasonable alimony.

After a hearing on permanent alimony, the court entered a judgment making pertinent findings of fact. Based on these findings, it (1) granted sequestration of the marital home and certain personal property to defendant, with plaintiff being responsible for mortgage payments, ad valorem property taxes, and hazard insurance; (2) granted to defendant possession of an automobile, with plaintiff being responsible for the maintenance of liability and collision insurance; (3) ordered plaintiff to pay the sum of $1,259 per month as permanent alimony until defendant vacated the marital home, the monthly payment then to increase to $1,467; and (4) ordered plaintiff to pay "a sum . . . calculated to enable . . . defendant . . . to discharge . . . her obligation for . . . income taxes" on the alimony payments. By separate order, plaintiff was directed to pay defendant's attorneys fees.

From the judgment and order, plaintiff appeals.

*Justice & Parnell, by James F. Justice, for plaintiff appellant.*

*Cannon & Basinger, by A. Marshall Basinger, II, for defendant appellee.*

WHICHARD, Judge.

[1] Plaintiff contends the court applied an incorrect standard in determining the amount of permanent alimony.

"Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings,

earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." G.S. 50-16.5(a) (1976). The award will not be disturbed absent a clear showing that the court abused its discretion by ordering payments which are manifestly unsupported by reason. *Clark v. Clark*, 301 N.C. 123, 128-29, 271 S.E. 2d 58, 63 (1980). The appropriate amount is essentially "a question of fairness and justice to all parties." *Beall v. Beall*, 290 N.C. 669, 674, 228 S.E. 2d 407, 410 (1976). While the court must consider the needs of the spouse seeking alimony in the context of the family unit's accustomed standard of living, it also must determine that the supporting spouse has the financial capacity to provide the support needed therefor. *See Williams v. Williams*, 299 N.C. 174, 183-84, 261 S.E. 2d 849, 856 (1980).

Plaintiff did not except to a finding that his net average monthly income for 1980 would exceed $3,200. Nor does he assign error to the amount of alimony he was ordered to pay, if that amount was based on his 1980 income. He instead cites error in (1) a finding that determination of the amount of alimony was specifically predicated upon his average earnings from 1976 through 1980, and (2) findings that his recently depressed income for the preceding nine months was not expected to continue due to an anticipated boost in the real estate market (from which he had derived the greater part of his law practice) and his own action in diversifying his law practice. He contends these findings indicate the court did not base the amount of alimony upon his current earnings, but upon past figures, together with a highly speculative future earning capacity projection, all without a showing that he was deliberately depressing his present income to avoid paying alimony.

[2, 3] Absent the unchallenged finding regarding plaintiff's 1980 income, the argument would have merit. Unless the court finds that a supporting spouse is deliberately depressing his income in disregard of his marital obligation to provide reasonable support, and applies the "capacity to earn" rule, a supporting spouse's ability to pay alimony is ordinarily determined by his income at the time the award is made. *Beall*, 290 N.C. at 674, 228 S.E. 2d at 410. Conceding, *arguendo*, that the findings to which plaintiff objects are immaterial and improper, the unexcepted to finding regarding his 1980 income nevertheless suffices to support the award entered. The immaterial findings thus can be disregarded.

*In re Custody of Stancil,* 10 N.C. App. 545, 549, 179 S.E. 2d 844, 847 (1971). If plaintiff's income continued to decrease, he had the remedy of seeking modification of the award pursuant to G.S. 50-16.9. This assignment of error is overruled.

[4] Plaintiff next contends the court erred in ordering him to pay defendant's automobile liability and collision insurance. He does not, however, contest the propriety of the sequestration of one of his automobiles to the defendant. The insurance payment was a proper incident of the sequestration of the automobile, which was entirely discretionary with the trial court. This contention is without merit.

[5] Plaintiff further objects to the requirement that he pay one amount of alimony if defendant lives in the marital residence and another if she moves therefrom. He contends such an order is void as a conditional or alternative judgment. We disagree. The order gave defendant the temporary sequestration of the residence, recognizing that she was entitled to a dwelling, but also that the residence would probably soon be sold. Upon its sale defendant would still need shelter, and the court allotted a sum of money requisite therefor in her alimony award. The order was definite and certain, and the condition regarding defendant's moving merely operated to render effective one of its provisions. Such a condition does not make the order void. *See Killian v. Chair Co.,* 202 N.C. 23, 29, 161 S.E. 546, 549 (1931).

Plaintiff's argument that there was no evidence regarding defendant's reasonable need for a dwelling if she should leave the marital home is likewise without merit. The order granted defendant funds commensurate with the expenses for an apartment and utilities set forth by plaintiff in his financial affidavit. While it would be the better practice to make this finding based on direct evidence from defendant as to her future shelter needs, the standard of measurement used was sufficient under the facts here.

Plaintiff further contends the court erred in its findings concerning his living expenses and those of defendant. He argues it did not consider a reasonable rental for an apartment in which he could live. We find no error.

At the time of the hearing plaintiff was renting a dwelling from a friend for a nominal sum, and he offered uncontradicted

Whedon v. Whedon

evidence of his other real estate properties and their debt service, which the court considered in analyzing his expenses. The determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial judge, and he is not required to accept at face value the assertion of living expenses offered by the litigants themselves. *See Clark*, 301 N.C. at 131, 271 S.E. 2d at 65 (no rule of law requires a judge to accept a party's assertion of the amount of alimony needed to maintain a particular standard of living). We find no abuse of discretion in the findings regarding plaintiff's reasonable needs and expenses. We also find none in the findings regarding defendant's living expenses. Although they contain minor discrepancies, they are essentially supported by the evidence.

[6] Plaintiff also objects to the finding that defendant had no readily available job skills. The finding was amply supported by evidence that defendant was fifty-five years old, had not worked in the business world in over twenty years, and would be fifty-eight years old before she could renew her teacher's certificate, assuming she successfully completed the necessary courses. This argument is thus without merit.

[7] Plaintiff contends the court erred in granting sequestration of the marital residence to defendant and ordering plaintiff to pay mortgage payments, ad valorem property taxes, and hazard insurance. It is well settled that a court has the authority to grant possession of real estate as part of an alimony award. G.S. 50-17; *Yearwood v. Yearwood*, 287 N.C. 254, 214 S.E. 2d 95 (1975). Plaintiff's argument that the home is too large and expensive to be acceptable for defendant's reasonable needs is without merit. This decision is in the discretion of the trial judge, and we perceive no abuse in the exercise of that discretion. *Upchurch v. Upchurch*, 34 N.C. App. 658, 662, 239 S.E. 2d 701, 704 (1977), *disc. review denied*, 294 N.C. 363, 242 S.E. 2d 634 (1978). We also find no abuse of discretion in the requirement that plaintiff make the necessary mortgage, tax, and insurance payments on the house. *See Beall*, 290 N.C. at 677, 228 S.E. 2d at 412.

[8] Plaintiff's argument that the court erred in limiting concluding arguments of counsel to ten minutes for each party is without merit. Plaintiff acknowledges the general rule that

"counsel does not have an absolute right to argue in a civil, non-jury case. . . . [A]rgument of counsel [in such cases] is a privilege, not a right, which is subject to the discretion of the presiding judge." *Roberson v. Roberson*, 40 N.C. App. 193, 195, 252 S.E. 2d 237, 238 (1979). We perceive no abuse of discretion in the limitation of arguments here.

[9] Plaintiff makes certain contentions concerning the award of attorneys fees to defendant. He first argues the court should have disallowed fees for work by defendant's attorneys prior to the filing of pleadings, because defendant was not a "litigant" before that time. He relies on the precept that "[t]he guiding principle behind the allowance of counsel fees is to enable the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms by making it possible for the dependent spouse to employ adequate and suitable legal representation." *Clark*, 301 N.C. at 136, 271 S.E. 2d at 67.

All litigation inevitably involves certain precursory activity. We do not interpret the terminology quoted above as intended to exclude from services for which fees are allowable legitimate work by counsel in such precursory activity. We thus hold this argument without merit.

[10] Plaintiff next contends the award was erroneous because defendant was represented by two attorneys, and plaintiff is therefore being ordered to pay for a duplication of services. The court, however, eliminated duplicate trial time amounting to $2,280 in value. This matter was in its discretion, and we find no abuse.

[11] Plaintiff further contends the court did not conduct a sufficiently broad inquiry into the matter of attorneys fees. We note that the court held a separate hearing on this issue and made extensive findings of fact on the nature of the services rendered and the amount of time involved. It also found specifically that plaintiff possessed the ability to defray these expenses. The issue presented is whether the court abused its discretion. *See Stanback v. Stanback*, 270 N.C. 497, 508-09, 155 S.E. 2d 221, 229-30 (1967). We find no abuse.

In a memorandum of supplemental authority, plaintiff cites *Condie v. Condie*, 51 N.C. App. 522, 277 S.E. 2d 122 (1981), for the proposition that the trial court had no authority to enter the sup-

plemental order on attorneys fees. In *Condie* no reference was made to attorneys fees in the original judgment. *Id.* at 528, 277 S.E. 2d at 126. The original judgment here expressly provided that the court would consider an award of attorneys fees upon presentation of affidavits. The cases are thus distinguishable.

Plaintiff further contends the court erred in refusing to allow him to reargue (1) evidence of his net income and assets, and (2) the effect of the court's prior alimony award upon his ability to pay. The court had previously heard extensive testimony concerning the financial status of the plaintiff. It was clearly aware of the amount of alimony awarded in the prior order and its effect on plaintiff's financial capability. We thus find no error in the action complained of.

[12] We do find error in the following provision ordering plaintiff to pay defendant's income taxes resultant upon the alimony award:

In addition to the alimony award set forth in the preceding paragraph, the plaintiff is ORDERED and DIRECTED to pay to the defendant on or before the 10th day of April, the 10th day of June, the 10th day of September, and the 10th day of January of each year beginning with the 10th day of April, 1981, a sum of money calculated to enable [the] defendant to pay and to discharge in full her obligation for State and Federal income taxes (both estimated payments and final payments) on the alimony payable by the plaintiff to the defendant, to the end that the defendant shall receive the sums ordered in the preceding paragraph a[s] net after-tax alimony payments. The defendant shall account to the plaintiff within ten days after each tax filing period so as to reveal the exact amount of income taxes paid on alimony, and in the event of either an overpayment or an underpayment in alimony so as to achieve the net amount set forth in this order the parties shall adjust the payments between themselves within ten days thereafter.

Income tax consequences are among factors properly considered in awarding alimony under G.S. 50-16.5(a), and they should be given appropriate importance in determining the amount of alimony required to meet the reasonable needs of the dependent spouse. *See Clark,* 301 N.C. at 132-33, 271 S.E. 2d at 65-66. Because the tax payments by plaintiff ordered here constitute

further taxable income to defendant, however, the order results in an interminable cycle of further payments by plaintiff to defendant. *See* I.R.C. § 71 (1976). The uncertainty thus created renders impossible determination of the precise amount of alimony awarded, and the reviewing court thus cannot determine the reasonableness or fairness of the award. *See Tan v. Tan,* 49 N.C. App. 516, 522-23, 272 S.E. 2d 11, 16 (1980), *disc. review denied,* 302 N.C. 402, 279 S.E. 2d 356 (1981). *See also Kraunz v. Kraunz,* 293 N.Y. 152, 157-58, 56 N.E. 2d 90, 92 (1944) (unlawful to require supporting spouse to pay income tax on alimony payment to dependent spouse).

We therefore vacate that portion of the judgment which requires plaintiff to pay the income taxes on defendant's alimony. The cause is remanded for further proceedings in this regard not inconsistent with this opinion. Our affirmance, except as hereinabove vacated, of the judgment and supplemental order, should not be interpreted to preclude modification of non-vacated portions thereof if such is deemed appropriate to achieve fairness to all parties in light of vacation of the award of income tax payments on defendant's alimony.

Affirmed in part, vacated in part, and remanded.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.