JUDITH ANN SPILLERS v. JOHN RYON SPILLERS, JR.

No. 7418DC1067

(Filed 2 April 1975)

1. **Divorce and Alimony § 16— alimony — consideration of recipient's earning capacity**

    It was proper for the trial judge to consider plaintiff's "earning capacity" as a school teacher in determining the amount of alimony to be awarded to her. G.S. 50-16.5(a).

2. **Divorce and Alimony § 16— alimony — failure to require transfer of assets**

    The trial court did not abuse its discretion in failing to require defendant to transfer property to plaintiff as part of plaintiff's alimony, and the court's failure to order a transfer of property does not show that the court failed to consider defendant's "estate" in determining the amount of alimony.

3. **Divorce and Alimony § 16— alimony — surrender of possession of car for cash**

    In an action to obtain alimony, the trial court did not abuse its discretion in ordering plaintiff to surrender possession of an Eldorado Cadillac upon defendant's payment to her of $5,000 so that she could purchase other transportation.

**4. Divorce and Alimony § 16— alimony — failure to order continuation of country club membership**

> In an action to obtain alimony, the trial court did not err in refusing to order defendant to continue his membership in a country club in order to assure plaintiff continued use of the club's facilities.

APPEAL by plaintiff from *Haworth, Judge.* Order entered 18 September 1974 in District Court, GUILFORD County. Heard in the Court of Appeals 11 March 1975.

On 18 September 1973, plaintiff filed a complaint alleging that she and the defendant were married on 29 October 1965 and lived together as husband and wife until 31 May 1973; that no children were born of the marriage; that during the marriage she had been a dutiful and faithful wife, but that on 31 May 1973, without any provocation on her part, the defendant had abandoned her and since that time had lived separate and apart from her against her will and without her consent; that she was a dependent spouse and defendant was the supporting spouse; that she was informed and believed defendant had committed and was continuing to commit adultery; and that in numerous ways defendant had made her life burdensome. Plaintiff sought alimony pendente lite, attorney fees, sole possession of a 1973 Eldorado Cadillac and sequestration of the home and furnishings therein, and "such other and further relief as the Court may seem (sic) just and proper."

Defendant answered, denying any wrongful acts, but admitting that the plaintiff was a dependent spouse and alleging that he was providing her adequate support to enjoy the standard of living to which she had been accustomed.

Upon plaintiff's motion, a hearing was held and a temporary order entered granting plaintiff alimony pendente lite of $885 per month, and exclusive use of the Eldorado Cadillac, the home and household furnishings, and ordering that the defendant

> (1) continue his membership in the Sedgefield Country Club so that the plaintiff could continue to use the Club's facilities;
>
> (2) maintain life insurance payable to his estate and not redesignate beneficiaries or otherwise change the policies so as to preclude any right the plaintiff might have in the policies;

Spillers v. Spillers

(3) maintain in present form such medical and hospital insurance benefits as presently were available to the plaintiff as wife of the defendant;

(4) pay all personal and household bills incurred by plaintiff up through the hearing on 16 October 1973;

(5) make an interim payment to the plaintiff of $70 to provide for her needs until 5 November 1973, the date of the first alimony pendente lite payment ordered by the court; and

(6) pay plaintiff's counsel fees of $750 at the rate of $100 per month until paid in full.

Subsequently this cause was tried before a jury which found that the defendant had abandoned the plaintiff, committed adultery and rendered her life burdensome as alleged in the complaint. Judgment was therefore entered in favor of the plaintiff, but determination of plaintiff's relief was deferred until a hearing on 18 September 1974. At the hearing the trial court heard evidence and made findings and then granted plaintiff permanent alimony of $885 per month, exclusive use of the home and all household furnishings and attorney fees of $2,500; in addition to the $750 previously ordered paid. Plaintiff was ordered to surrender the Eldorado Cadillac to defendant upon his payment of $5,000 to her so that she could purchase other transportation. Plaintiff appealed.

Additional facts necessary for decision are set forth in the opinion.

*Smith, Moore, Smith, Schell & Hunter, by Richmond G. Bernhardt, Jr., for plaintiff appellant.*

*Schoch, Schoch, Schoch, and Schoch, by Arch Schoch, Jr., for defendant appellee.*

MORRIS, Judge.

Assignment of error No. 4 was not brought forward and argued in plaintiff's brief, and, therefore, is deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Four questions are raised by plaintiff's remaining assignments of error.

[1, 2]  Plaintiff first contends that the trial judge abused his discretion by failing to award her the alimony to which she is

entitled. In support of her argument plaintiff reviews the evidence and argues (1) that the payments ordered by the court are inadequate to permit her to continue to maintain her accustomed standard of living; (2) that the court erroneously considered her earning capacity as opposed to her actual earnings in determining that "by a reasonable application of her professional skills and training as a school teacher . . . plaintiff can substantially continue to maintain the standard of living previously enjoyed during her marriage and cohabitation with the defendant, . . . " ; and (3) that the court should have ordered the transfer of certain property to her. We disagree. As we noted in *Bowen v. Bowen,* 19 N.C. App. 710, 713, 200 S.E. 2d 214, 217 (1973), and in cases cited therein, "[t]he amount to be awarded for alimony . . . is within the discretion of the trial court and will not be disturbed in the absence of a manifest abuse of such discretion." In our opinion defendant has failed to show an abuse of discretion. Furthermore, we note that G.S. 50-16.5(a) provides that "[a]limony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, *earning capacity,* condition, accustomed standard of living of the parties, and other facts of the particular case." (Emphasis supplied.) We therefore conclude that it was proper for the trial judge to consider plaintiff's "earning capacity" in determining whether she could continue to maintain the standard of living enjoyed by her during her marriage to the defendant. Finally, we find it significant that G.S. 50-16.7(a) states that "[a]limony or alimony pendente lite shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, or a security interest in or possession of real property, as the court *may* order. . . . " (Emphasis supplied.) This statute in no way renders it mandatory or incumbent upon the trial court to order any transfer of property as part of the wife's alimony. Plaintiff contends that the court is directed to give due consideration to the "estates" of the parties and that the court's failure to order transfer of assets in addition to the monthly payments, which were the same as had been provided in the pendente lite order, is clearly an abuse of discretion. Undoubtedly the court could have required the defendant to transfer some of his assets to plaintiff. However, his failure to do so does not constitute abuse of discretion nor is it, in and of itself, conclusive indication that the court failed to consider defendant's estate.

[3] Plaintiff next contends the trial judge abused his discretion in ordering her to surrender possession of a 1973 Eldorado Cadillac upon defendant's payment of $5,000 to her so that she could purchase other transportation. We are unable to find in this action any abuse of discretion on the part of the trial judge. Moreover, the record contains plenary evidence to support the trial judge's findings that Sample, Incorporated, owned the automobile and defendant only had given plaintiff the *use* of the automobile during the marriage. This assignment of error, therefore, is overruled.

In her third assignment of error plaintiff again argues that the trial judge erred in refusing to order the defendant to transfer certain property to her. Plaintiff further argues that the court should have determined her partial ownership in the home. As we already have pointed out, while the trial judge has authority to order a transfer of property under G.S. 50-16.7(a), the statute in no way requires him to order a transfer of property. Additionally, plaintiff never prayed for a determination of her ownership interest in the home or personalty in either her original or amended complaint. She may not raise this issue for the first time on appeal.

[4] Plaintiff's final assignment of error relates to the court's refusal to order the defendant to continue his membership in the Sedgefield Country Club in order to assure plaintiff the continued use of the Club's facilities. Plaintiff maintains this was error in light of her testimony at the trial "as to the importance of her continuing to live in the home at Sedgefield and to the importance of being a member, or having member's privileges, in Sedgefield Country Club." She asserts that loss of the privileges will "substantially impair" her life-style and that the trial court abused its discretion in refusing to require the defendant to assure her the continued use of the Club. No authority is cited by plaintiff in support of this argument, nor has the plaintiff shown that the trial judge acted arbitrarily in denying her request. This assignment of error, therefore, is overruled.

Plaintiff has not been able to show that the court failed to consider those things he is directed by statute to consider nor has she been able to show abuse of discretion.

Affirmed.

Judges BRITT and ARNOLD concur.