GEORGIA R. UPCHURCH v. C. STUART UPCHURCH, SR.

Nos. 7710DC109 and 7710DC115

(Filed 21 December 1977)

1. **Divorce and Alimony § 18.16; Appeal and Error § 16.1— appeal from alimony award pending—subsequent order by trial court improper**

 The trial court had no authority to enter an order with respect to award of attorney fees where a final order had previously been entered in the alimony action, and defendant's appeal therefrom was pending.

2. **Divorce and Alimony § 18.11— dependent spouse's earning capacity—necessity for findings**

 Though G.S. 50-16.5(a) specifies the earning capacity of the parties as one of the factors the court should consider in determining the amount of alimony, the court is not required in all cases to make findings of fact on the question of the dependent spouse's earning capacity.

3. **Divorce and Alimony § 18.11— dependent spouse's earning capacity—necessity for findings**

 The trial court in an action for alimony did not err in failing to find facts with respect to the dependent spouse's earning capacity where the evidence tended to show that she had very limited earning capacity; the court found that her monthly requirements amounted to $860; and in awarding her only $600 per month, the court by implication was saying that plaintiff would have to rely on her own resources or labors for the remaining $260.

4. **Divorce and Alimony § 18.13— amount of alimony—defendant's ability to pay**

 The trial court did not abuse its discretion in ordering defendant to pay alimony of $600 per month where the evidence tended to show that defendant's taxable income for the year previous to the hearing was slightly over $30,000; his projected income for the year of the hearing was $23,000; plaintiff was defendant's only dependent; defendant estimated his personal living expense at $800 per month; and defendant's debts were substantial but not so pressing as to relieve him of his lawful obligation to support his wife.

5. **Divorce and Alimony § 18.14— alimony—possession of home**

 The trial court in an action for alimony did not abuse its discretion in concluding that plaintiff was entitled to possession of the parties' home. G.S. 50-17.

6. **Divorce and Alimony § 18.16— alimony pendente lite—counsel fees—when award may be made**

　　At any time a dependent spouse can show that she has the grounds for alimony pendente lite, the court is authorized to award fees to her counsel, and "at any time" includes times subsequent to the determination of the issues in her favor at the trial of her cause on its merits. G.S. 50-16.4.

7. **Divorce and Alimony § 18.16— alimony pendente lite—attorney fees—findings required**

　　The trial court erred in awarding attorney fees in an alimony action without making findings of fact showing that the fees were allowable and the amount awarded was reasonable.

APPEAL by defendant from *Barnette, Judge.* Orders entered 29 November 1976 and 30 December 1976 in District Court, WAKE County. Heard in the Court of Appeals 29 November 1977.

Plaintiff instituted this action to recover temporary and permanent alimony. In her complaint she alleged numerous grounds for divorce from bed and board and asked for alimony, possession of an automobile, possession of the residence formerly occupied by the parties, and attorney fees.

On 18 October 1976, the court entered judgment answering the substantive issues in favor of plaintiff, concluded that plaintiff was entitled to permanent alimony, and ordered a hearing to determine the amount of alimony. Defendant did not appeal from this judgment.

Following a hearing on 4 November 1976 the court, on 29 November 1976, entered an order finding facts summarized in pertinent part as follows:

At the time of trial on 30 September 1976, and at the time of the hearing on 4 November 1976, plaintiff was unemployed. She does not have any weekly, bi-weekly or monthly income. She has received $10,000 inheritance from her mother's estate; and she, along with three brothers and sisters, own a home which they inherited from their mother and said home has a value of approximately $25,000.

Defendant is employed as the owner-operator of Village Gulf in Raleigh, North Carolina. He filed a Federal income tax return showing income slightly in excess of $30,000 in 1975. He called as his witness his accountant who testified that defendant's projected income for 1976 is $23,000.

The cost of plaintiff's average monthly needs is $860. She owes accrued debts in the amount of $2,643.41 which were incurred prior to the separation of the parties.

Since the separation of the parties, plaintiff has been residing in a home owned by them as tenants by the entirety. She has been living in said home for approximately four years, the home is suitable for her needs and there is no present indebtedness thereon.

Defendant testified that he is not paying any house or apartment rent at the present time and spends his nights with various people without any expense to him. The court is unable to determine defendant's average monthly expenses other than $300 per month which he is paying his attorney.

Plaintiff has had possession of a 1968 Cadillac automobile which is registered in the name of the service station owned by defendant.

Based on said findings of fact, the court concluded and ordered that: (1) defendant pay plaintiff $600 per month permanent alimony; (2) plaintiff be given possession of the 1968 Cadillac; (3) plaintiff be awarded possession of the home owned jointly by the parties; and (4) defendant pay plaintiff's attorney $4,500.

On 6 December 1976 defendant filed notice of appeal from the 29 November 1976 order. On 30 December 1976 the court entered another order finding facts with respect to its award of fees to plaintiff's attorney and ordering again that defendant pay plaintiff's attorney $4,500. Defendant appealed from that order.

On 2 December 1977, the Court of Appeals ordered that the two appeals be consolidated for purposes of argument, consideration and opinion.

*Gerald L. Bass, attorney for plaintiff-appellee.*

*Ragsdale & Kirschbaum, by William L. Ragsdale, attorney for defendant-appellant.*

BRITT, Judge.

## APPEAL FROM 30 DECEMBER 1976 ORDER

[1] Defendant contends that the trial court had no authority to enter the 30 December 1976 order. The contention has merit.

A final order was entered by the court on 29 November 1976. Defendant gave notice of appeal from the order and the court set the appeal bond on 6 December 1976. Thereupon, the trial court was divested of jurisdiction except to settle the record on appeal. *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E. 2d 879 (1971); *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973). For that reason the 30 December 1976 order is vacated.

## APPEAL FROM 29 NOVEMBER 1976 ORDER

Defendant contends first that the trial court erred in failing to find from the evidence that plaintiff had earning capacity. Considering the evidence presented in this case, we find no merit in the contention.

Plaintiff's evidence tended to show that she was fifty-three years old, that she completed high school, that she attended business college for two months, and that her entire job experience outside of the home consisted of part-time secretarial work for her husband's service station business.

[2]  Defendant argues that the trial court was *required* to make findings with respect to plaintiff's earning capacity and cites *Spillers v. Spillers*, 25 N.C. App. 261, 212 S.E. 2d 676 (1975). We do not agree with the defendant's interpretation of *Spillers*. In that case this court held that it was proper for the trial court to *consider* the wife's earning capacity in determining the amount of alimony to be paid by her husband. G.S. 50-16.5(a) specifies the earning capacity of the parties as one of the factors the court should consider in determining the amount of alimony, but we do not think that in all cases the court is required to make findings of fact on the question of the dependent spouse's earning capacity.

[3]  In the case at hand the court found that plaintiff's monthly requirements amounted to $860. In awarding her only $600 per month, the court by implication was saying that plaintiff would have to rely on her own resources or labors for the remaining $260. Considering plaintiff's very limited earning capacity as shown by the evidence, and the difference between her needs and the amount awarded as aforesaid, we hold that the court did not err in failing to find facts with respect to her earning capacity.

[4] Defendant contends next that the trial judge did not make sufficient findings of fact with respect to his ability to pay alimony, his average monthly expenses, and the amount of debts owed by him. He also contends that the court erred in requiring him to pay $600 per month alimony. We find no merit in these contentions.

As stated above, defendant's income tax return disclosed that his taxable income for 1975, the year previous to the hearing, was slightly in excess of $30,000, and his accountant projected his taxable income for 1976, the year in which the hearing was conducted, to be $23,000. The evidence showed that plaintiff was defendant's only dependent and he estimated his personal living expense at $9,600 annually or $800 per month. The amount of alimony defendant was ordered to pay annually was $7,200, making a total of $16,800 for alimony and his expenses. With a projected income of $23,000, this left defendant $6,200 with which to pay debts and his taxes. (It will be noted that plaintiff would have to pay income taxes on the alimony.) While the evidence disclosed that defendant's debts were substantial, caused primarily by the high standard of living the parties had established, it failed to show debts so pressing as to relieve defendant of his lawful obligation to support his wife.

With regard to the amount of alimony allowed, ordinarily this is a matter within the discretion of the trial judge and his decision will not be disturbed absent a showing of abuse of discretion. *Spillers v. Spillers*, supra; *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E. 2d 522 (1975). We perceive no abuse of discretion.

[5] Defendant contends the trial court erred in concluding that plaintiff is entitled to possession of the home and in awarding possession to her. We find no merit in this contention.

It is clear that the court has the power to grant the possession of real estate as a part of alimony. G.S. 50-17; 5 Strong's N.C. Index 3d, Divorce and Alimony, § 18.14. *Yearwood v. Yearwood*, 287 N.C. 254, 214 S.E. 2d 95 (1975). Defendant argues that the home in question is considerably larger than plaintiff needs and one that will be expensive to maintain. Here again we have a decision that was in the discretion of the trial judge and we perceive no abuse of discretion.

Finally, defendant contends the trial court erred in concluding that plaintiff's counsel was entitled to a reasonable fee and ordering him to pay plaintiff's counsel $4,500 without finding facts justifying the award. This contention has merit.

First, we address the question whether the court had the authority to require defendant to pay plaintiff's counsel any fee. We hold that the court had that authority.

Defendant argues that when the court awards *permanent* alimony it has no authority to order the payment of counsel fees and cites *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972). We think defendant misconstrues the opinion in that case. *Rickert* merely holds that in order for the court to award fees to counsel for a dependent spouse entitled to alimony, there also must be a showing that the dependent spouse has insufficient means to defray the necessary expenses of the litigation in which she receives relief. In *Rickert*, the Supreme Court held that plaintiff wife was not entitled to recover attorney fees when the record disclosed that she owned stocks and bonds valued at $141,362.50 and received an annual income therefrom in the amount of $2,253.

Former G.S. 50-16 (repealed and replaced in 1967 by G.S. 50-16.1, *et seq.*) clearly stated that counsel fees in alimony without divorce actions could be awarded after a final determination of the issues. In *Stanback v. Stanback*, 270 N.C. 497, 155 S.E. 2d 221 (1967), the Supreme Court upheld an award of counsel fees made after a trial of the cause on the merits.

With respect to the former statute (G.S. 50-16), Dr. Lee in his treatise on North Carolina Family Law, Vol. II, § 148, p. 205, said: "N.C. Gen. Stat. § 50-16 expressly authorizes an allowance of reasonable counsel fees to the wife in an action for alimony without divorce. . . . The right of the wife to counsel fees is so strongly entrenched in our practice as to be considered an established legal right."

In substituting G.S. 50-16.1 *et seq.* for repealed G.S. 50-16 (Ch. 1152, 1967 S.L.), the General Assembly followed very closely the recommendations of a study committee of the North Carolina Bar Association on family law. The primary purpose of the new legislation was to clarify the existing statutes on alimony and to write into the statutes established case law on the subject. We do

not believe that it was the intention of the Assembly to make drastic changes in the substance of the law previously existing.

G.S. 50-16.4 provides:

> *Counsel fees in actions for alimony.* — At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

G.S. 50-16.3 provides in pertinent part:

> *Grounds for alimony pendente lite.* — (a) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:
>
> (1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and
>
> (2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof. ***

[6] While the language of G.S. 50-16.4 could be improved upon, we do not think that its effect is to restrict the award of counsel fees to alimony pendente lite proceedings and actions of the court pursuant thereto. We construe the statute to say that *at any time* a dependent spouse can show that she has the grounds for alimony pendente lite—(1) that she is entitled to the relief demanded in her action or cross-action for divorce from bed and board or alimony without divorce, and (2) that she does not have sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof—the court is authorized to award fees to her counsel, and that "at any time" includes times subsequent to the determination of the issues in her favor at the trial of her cause on its

merits. See § 148, 1976 Cumulative Supplement, 2 Lee's N.C. Family Law, 3rd Ed.

We now consider defendant's contention that the award of attorney fees was not supported by sufficient findings of fact.

[7]  As indicated above, counsel fees are not allowable in all alimony cases, only those that come within the ambit of G.S. 50-16.4 and G.S. 50-16.3. *Rickert v. Rickert, supra; Guy v. Guy,* 27 N.C. App. 343, 219 S.E. 2d 291 (1975). In order to award attorney fees in alimony cases the trial court must make findings of fact showing that fees are allowable and that the amount awarded is reasonable. In the case at hand the court did neither. Therefore, that part of the 29 November 1976 order awarding counsel fees is vacated and the cause is remanded for further proceedings on that question.

Order entered 30 December 1976 vacated.

Order entered 29 November 1976 affirmed in part, vacated in part, and cause remanded.

Judges PARKER and VAUGHN concur.