ROGER BADROCK, IN HIS CAPACITY AS ADMINISTRATOR, C.T.A. FOR THE ESTATE OF JANE B. PICKARD, Plaintiff,
v.
CARL GLENN PICKARD, JR., Defendant.
No. COA06-1581
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Walker & Bullard, P.A., by Daniel S. Bullard, for Plaintiff-Appellee.
Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Benjamin D. Overby and Wiley P. Wooten, for Defendant-Appellant.
STEPHENS, Judge.
Jane B. Pickard ("Jane") and Defendant were married on 7 June 1991 and separated on 9 April 2002. Jane filed a complaint on 25 April 2002, setting forth claims for relief including postseparation support and alimony. The postseparation support hearing was postponed while the Caswell County District Court addressed a complaint filed by Defendant on 23 April 2002 seeking an annulment of the marriage. Following hearings on 3 December 2002 and 7 May 2004, on 27 September 2004, Caswell County District Court Judge Mark E. Galloway denied Defendant's request for an annulment.[1]
On 20 September 2004, the postseparation support hearing was held before the Honorable James K. Roberson in Alamance County District Court. Following the hearing, the trial court entered an order on 14 April 2005 requiring Defendant to pay prospective postseparation support to Jane in the amount of $2,000.00 a month, and "retroactive" postseparation support totaling $58,500.00 "due and payable at" $1,000.00 a month for fifty-eight months, with a fifty-ninth payment in the amount of $500.00.[2] This sum represented past due postseparation support due Jane from the date she filed her action to the date the court announced its decision in Jane's favor.[3]
On 21 January 2006, Jane died from cancer. That same month, Defendant stopped all prospective and "retroactive" postseparation support payments, and on 9 March 2006, Defendant filed a motion seeking to terminate his postseparation support obligations. In June 2006, Roger Badrock ("Badrock") was appointed as the administrator C.T.A. of Jane's estate ("Plaintiff"). On 14 June 2006, Badrock moved the trial court to be substituted as Plaintiff in this action for the purpose of prosecuting Jane's estate's claim for the collection of unpaid postseparation support and attorneys' fees. On 20 June 2006, an order was entered substituting Badrock as Plaintiff herein. Thereafter, Badrock filed a response to Defendant's motion to terminate postseparation support and asked the court to (1) deny Defendant's motion to terminate the postseparation support arrearage payments, (2) have Defendant adjudged in contempt, and (3) order Defendant to resume payments toward the arrearage.
Following a hearing on 25 July 2006, Judge Roberson filed an order on 26 September 2006 requiring Defendant to pay the "retroactive" postseparation support arrearage. Judge Roberson determined that the "retroactive" amount of $58,500.00 was "actually prospective postseparation support" due Jane for the period between the filing of her complaint on 25 April 2002 and the date the decision awarding postseparation support was announced on 14 November 2004. Judge Roberson further determined that the "retroactive" postseparation arrearage "vested" when the order for postseparation support was filed on 14 April 2005. The trial court adjudged Defendant in civil contempt for violating the support order and ordered Defendant to pay attorneys' fees to Plaintiff's counsel. Defendant appeals from the trial court's 26 September 2006 order. For the reasons set forth below, we affirm in part and remand in part the order of the trial court.

Motion to Terminate Postseparation Support Payments
By his first argument, Defendant contends the trial court erred in denying his motion to terminate his payments toward the postseparation support arrearage. Defendant asserts that his motion to terminate should have been granted because the arrearage had not vested prior to Jane's death. We disagree.
Postseparation support is spousal support that is paid until either the date specified in the order of postseparation support, or the date of an order awarding or denying alimony, whichever comes first. N.C. Gen. Stat. § 50-16.1A(4) (2001). "[T]he purpose[] of postseparation support [] [is] to function almost as a stop-gap measure to provide some support to a dependent spouse prior to the discovery of the data necessary for an alimony . . . hearing." Wells v. Wells, 132 N.C. App. 401, 411, 512 S.E.2d 468, 474 (quotation marks and citation omitted), disc. review denied, 350 N.C. 599, 537 S.E.2d 495 (1999). Section 50-16.9(b) provides, inter alia, that a supporting spouse is relieved of the obligation to pay postseparation support at the death or remarriage of the dependent spouse. N.C. Gen. Stat. § 50-16.9(b) (2001). In the context of alimony, "[d]eath ends the obligation only for future payments . . . . For alimony that is past due, the dependent spouse or the dependent spouse's estate has a claim against the supporting spouse or that supporting spouse's estate." 2 Robert E. Lee, North Carolina Family Law § 9.86, at 502 (5th edition 1999) (citing Briggs v. Briggs, 215 N.C. 78, 1 S.E.2d 118 (1939) (finding that the wife's administrator could recover payments of alimony that had matured and were due at the time of her death)).
The dispositive issue in this case is whether Jane's right to postseparation support had vested and thus was past due at the time of her death. "Vested" support is support that has "become a completed, consummated right for present or future enjoyment[.]" Black's Law Dictionary 1595 (8th ed. 2004). By definition, an "arrearage" is "[a]n unpaid or overdue debt[.]" Id. at 116. Here, the order for postseparation support arrearage was an order to pay overdue and unpaid support that Jane was entitled to receive. In the order for postseparation support filed on 14 April 2005, the trial court specifically distinguished between the prospective postseparation support set at $2,000.00 per month, and the established arrearage of $58,500.00. Since postseparation support payments were due Jane from the date she filed her complaint on 25 April 2002 to the date the postseparation support award was announced by the court on 14 November 2004, the arrearage vested and therefore became due and payable when the trial court entered its order on 14 April 2005. See McCall v. Harris, 55 N.C. App. 390, 392, 285 S.E.2d 335, 336 (1982) (stating that "a lump sum award of alimony accrues when it is granted"). The fact that the trial court afforded Defendant the accommodation of making installment payments toward his arrearage did not alter the already vested nature of the arrearage, but rather simply provided Defendant a more reasonable means to comply with the order. The arrearage constitutes funds Jane would have received if the trial court could have promptly heard the claim seeking postseparation support. Defendant's complaint seeking to annul the marriage, however, postponed the determination of postseparation support. The trial court's order acknowledged that postseparation support was due Jane for the time while the postseparation support claim was pending, given that Defendant was not entitled to an annulment of the marriage. Therefore, the court entered an order to compensate Jane for past due support. Since Jane did not receive the postseparation support due her throughout the litigation, once the postseparation award was entered on 14 April 2005, the award vested and became due and payable to Jane. The trial court did not err in denying Defendant's motion to terminate payments toward the established arrearage. These assignments of error are overruled.

Contempt of Court
By his next argument, Defendant asserts the trial court erred in finding him in contempt for his failure to make payments toward his established postseparation support arrearage. Again, we disagree.
Civil contempt is the
[f]ailure to comply with an order of a court. . . as long as:
(1) The order remains in force;
(2) The purpose of the order may still be served by compliance with the order;
(2a) The noncompliance by the person to whom the order is directed is willful; and (3) The person to whom the order is directed is able to comply with the order[.]
N.C. Gen. Stat. § 5A-21(a) (2005). "Any order for the payment of alimony or postseparation support is enforceable by proceedings for civil contempt, and its disobedience may be punished by proceedings for criminal contempt . . . ." N.C. Gen. Stat. § 50-16.7(j) (2005). "This Court's review of a trial court's finding of contempt is limited to a consideration of 'whether the findings of fact by the trial judge are supported by competent evidence and whether those factual findings are sufficient to support the judgment.'"Gen. Motors Acceptance Corp. v. Wright, 154 N.C. App. 672, 677, 573 S.E.2d 226, 229 (2002) (quoting McMiller v. McMiller, 77 N.C. App. 808, 810, 336 S.E.2d 134, 136 (1985)).
Defendant does not contend that the trial court's findings of fact are not supported by competent evidence or that the findings of fact do not support the court's conclusions of law. Where a defendant fails to take an exception to any findings of fact or conclusions of law, such findings are presumed to be supported by competent evidence and are therefore binding on appeal. Taney v. Brown, 262 N.C. 438, 137 S.E.2d 827 (1964). Here, Defendant's sole contention is that since the trial court erred in ordering him to pay the postseparation support arrearage, the arrearage order is invalid and may not serve as the basis for a proceeding in contempt. Defendant's argument is without merit.
We have held that the trial court did not err in denying Defendant's motion to terminate his postseparation support arrearage payments. The order to pay postseparation support arrearage was valid and remained in force when Defendant unilaterally decided to stop making payments toward the arrearage. Furthermore, the purpose of the order was to compensate Jane for support due her from the time she filed her complaint for postseparation support to the time the trial court ordered Defendant to pay support. As stated in the trial court's order denying Defendant's motion to terminate the postseparation support arrearage, "[t]he delay in Defendant paying what he lawfully owed to [Jane] . . . resulted in [Jane] having to take action such as finding other funding sources for her support, adjusting her lifestyle, or depleting her estate to account for the absence of the postseparation support amounts due." Accordingly, Defendant could still serve the purpose of the order by replenishing Jane's estate with the arrearage owed.
Additionally, as evident from his motion to terminate postseparation support payments, Defendant no longer believed he was obligated to pay toward the postseparation support arrearage, and so, his failure to continue to pay was willful. Lastly, Defendant is able to comply with the order. Defendant advances no argument that he does not have the financial means to comply with the postseparation arrearage order, and given that his monthly income exceeded $11,000.00, we perceive no reason that he cannot afford arrearage payments of $1,000.00 per month for support that he already should have paid. For these reasons, the trial court did not err in its order finding Defendant in contempt for failing to make payments toward his postseparation support arrearage. This argument is overruled.

Award of Attorneys' Fees
By his third argument, Defendant contends that the trial court erred in its order granting Plaintiff attorneys' fees for the prosecution of Plaintiff's action to collect unpaid postseparation support. We agree.
"The recovery of attorney's fees is a right created by statute. A party can recover attorney's fees only if 'such a recovery is expressly authorized by statute.'" Burr v. Burr, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002) (quoting McGinnis Point Owners Ass'n, Inc. v. Joyner, 135 N.C. App. 752, 756, 522 S.E.2d 317, 320 (1999)). Under N.C. Gen. Stat. § 50-16.4, "[a]t any time a dependent spouse would be entitled to alimony . . . or postseparation support[,] . . . the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse[.]" N.C. Gen. Stat. § 50-16.4 (2005). In Upchurch v. Upchurch, 34 N.C. App. 658, 664-65, 239 S.E.2d 701, 705 (1977) (citation omitted), disc. review denied, 294 N.C. 363, 242 S.E.2d 634 (1978), this Court determined that "'at any time' includes times subsequent to the determination of the issues in [the dependent spouse's] favor at the trial of her cause on its merits." However, "[i]n order to award attorney fees[,] . . . the trial court must make findings of fact showing that fees are allowable and that the amount awarded is reasonable." Id. at 665, 239 S.E.2d at 705. When an award of counsel fees is made, whether the statutory "requirements have been met is a question of law that is reviewable on appeal[.]" Lamb v. Lamb, 103 N.C. App. 541, 549, 406 S.E.2d 622, 627 (1991) (quotation marks and citation omitted).
Defendant first contends that the award of attorneys' fees should be reversed because an award based on an underlying contempt proceeding has no basis in the law. This argument is without merit. "This Court has held that the contempt power of the district court includes the authority to award attorney fees as a condition of purging contempt for failure to comply with an order." Middleton v. Middleton, 159 N.C. App. 224, 227, 583 S.E.2d 48, 49-50 (2003) (citing Hartsell v. Hartsell, 99 N.C. App. 380, 393 S.E.2d 570 (1990), aff'd per curiam, 328 N.C. 729, 403 S.E.2d 307 (1991)); see also N.C. Gen. Stat. § 50-16.7(j) (stating that the payment of postseparation support "is enforceable by proceedings for civil contempt, and its disobedience may be punished by proceedings for criminal contempt"). Furthermore, as discussed supra, the contempt ruling was proper because the postseparation support arrearage was due and payable when the contempt order was filed. Defendant willfully violated the court's order to pay the postseparation support arrearage when he failed to make payments to Plaintiff, even though he had the means to comply. Since the contempt order was valid, Defendant's argument is without merit.
Next, Defendant contends that the trial court erred in its order awarding attorneys' fees because it lacked express statutory authority to do so. This argument is likewise without merit.Section 50-16.4 gives the trial court express statutory authority to exercise its discretion in awarding attorneys' fees if a dependent spouse shows entitlement to postseparation support and makes a request for attorneys' fees. N.C. Gen. Stat. § 50-16.4 (2005). This Court has recognized that attorneys' fees were appropriate in "alimony pendente lite [now postseparation support] proceedings and actions of the court pursuant thereto." Upchurch, 34 N.C. App. at 664, 239 S.E.2d at 705. Therefore, the court did have express statutory authority pursuant to N.C. Gen. Stat. § 50-16.4 to award Plaintiff attorneys' fees, and Defendant's argument contra is without merit.
Although Defendant failed to specifically argue in his brief the sufficiency of the findings of fact to support the award of attorneys' fees, all of his assignments of error address the findings of fact. Additionally, Defendant addresses the sufficiency of the findings of fact by asserting that the trial court made "no findings relative to the attorney fee award[.]" Accordingly, we address this issue on appeal. As noted supra, "[i]n order to award attorney fees[,] . . . the trial court must make findings of fact showing that fees are allowable and that the amount awarded is reasonable." Id. at 665, 239 S.E.2d at 705. These findings should address "the nature and scope of the legal services, the skill and time required, and the relationship between the fees customary in such a case and those requested." Peak v. Peak, 82 N.C. App. 700, 706, 348 S.E.2d 353, 357 (1986) (citation omitted). Here, although there is evidence in the record as to the reasonableness of the award, the trial court made no findings of fact addressing this issue in its 26 September 2006 order. Consequently, we remand this case for findings of fact "showing that fees are allowable and that the amount awarded is reasonable." Upchurch, 34 N.C. App. at 665, 239 S.E.2d at 705.
For the reasons stated, the order of the trial court is affirmed in part and remanded in part.
AFFIRMED IN PART AND REMANDED IN PART.
Judges McGEE and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] Upon Defendant's appeal, this Court affirmed Judge Galloway's decision in an opinion filed 21 February 2006. Pickard v. Pickard, 176 N.C. App. 193, 625 S.E.2d 869 (2006).
[2] Postseparation support payments to Jane were based on the trial court's determination that Jane was a dependent spouse, was "actually and substantially" dependent on Defendant for support and maintenance, and was "in need of support and maintenance" from Defendant. This determination has not been challenged by Defendant.
[3] On 14 November 2004, the trial court "issued a memo" announcing its decision to award postseparation support to Jane. However, the trial court's order was not filed until 14 April 2005.