TERRI LYNN BROWN
v.
DAVID RAY BROWN
No. COA06-682
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
A. Marshall Basinger, II, for plaintiff-appellant.
Family Law Associates, by Michael Romano, for defendant-appellee.
STEELMAN, Judge.

I. Factual Background
Terri Lynn Brown ("plaintiff") was married to David Ray Brown ("defendant") on 10 June 1989. Plaintiff suffers from chronic interstitial systitis, a debilitating medical condition, along with diabetes, fybromialgia, mitral valve prolapse, and malformation of the brain. She has been totally disabled since 1991 and unable to work. Her conditions require constant and extensive medical care, with her bladder condition requiring three to four annual surgical procedures. These medical conditions cause plaintiff excruciating pain, for which she has been prescribed Oxycotin since 1996.
The parties had a happy marriage until 2002, when defendant left the marital residence with no intent to return. On 20 September 2004, Judge Thalheimer entered a judgment that provided for the equitable distribution of the parties' marital property ("Judgment"). The Judgment further directed that defendant pay plaintiff $3,900 per month in permanent alimony. Defendant was responsible for maintaining comparable medical insurance on plaintiff, with the proviso that plaintiff was to take "all reasonable measures" to obtain coverage through her former employer and cooperate to minimize defendant's health insurance costs. Defendant was to be responsible for 80% of plaintiff's uninsured medical expenses and plaintiff was to be responsible for the remaining 20%. The Judgment acknowledged that the permanent alimony award was modifiable and ordered the parties to provide financial information to each other by 20 April of each year. On 11 May 2005, plaintiff filed motions in this action seeking the following relief: (1) that defendant be held in civil and criminal contempt of court; (2) that the Judgment of the court be modified based on changed circumstances; (3) that the court impose sanctions upon defendant pursuant to Rule 11 of the North Carolina Rules of Civil Procedure; (4) that the court enter an order prohibiting defendant from further harassing tactics; (5) that defendant be directed to post a bond to secure his alimony obligations; and (6) that plaintiff be awarded "costs, fees, and damages" from defendant and his counsel. In response, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, and a motion for Rule 11 sanctions. On 6 January 2006, the trial court granted defendant's motion to dismiss as to all of plaintiff's motions and denied defendant's Rule 11 motion. From this order, plaintiff appeals. Defendant did not appeal the denial of his Rule 11 motion.

II. Disposition of Case by Trial Court and Our Standard of Review
In her first argument, plaintiff contends that the trial court dismissed her motion under N.C. R. Civ. P. 12(b)(6) and that this court should not consider the dismissal as being pursuant to summary judgment under N.C. R. Civ. P. 56. We disagree.
On 8 August 2005, Judge Thalheimer entered an order which contained the following language:
7. The parties have stipulated and agreed that Defendant's Motion to Dismiss shall be heard prior to all other pending motions in this matter.
8. The parties have stipulated and agreed that counsel for the Plaintiff and counsel for the Defendant shall submit written briefs with attached affidavits in support of their respective positions as related to Defendant's Motion to Dismiss to the Court and further stipulate and agree that said briefs shall be submitted to the Court and opposing counsel no later than August 25, 2005 at 5:00 PM.
The record in this case reveals that plaintiff's motion dated 11 May 2005 was verified by plaintiff. Defendant's response dated 15 July 2005 was verified by defendant. Defendant's brief dated 22 September 2005 was also verified by defendant. The record is devoid of any other affidavits submitted by either party.
On 6 January 2006, Judge Thalheimer entered an order. It contained findings of fact, conclusions of law, and decreed that "Defendant's Motion to Dismiss filed on July 15, 2005 is hereby granted." Finding of fact 5 contained the following procedural history of the matter:
Upon the request of the Court, the parties have stipulated and agreed that due to the Plaintiff residing in the State of Alabama and due to the Defendant's work related travel schedule and due to the additional expenses to both parties, and in the interest of judicial efficiency and for the convenience of the parties, counsel for the Plaintiff and counsel for the Defendant would submit written briefs to the Court with attached affidavits in support of their respective positions as related to Defendant's Motion to Dismiss in lieu of oral arguments and additional testimony and evidence and that the Court would rely upon said briefs in rendering a decision on Defendant's Motion to Dismiss.
In discussing plaintiff's motion for modification of the Judgment based upon changed circumstances, the trial court stated: "there is no genuine issue of material fact and that the Plaintiff has failed to demonstrate a substantial and material change in circumstances since the entry of the previous Judgment . . ." As to plaintiff's motion for contempt, the Court made a finding that "Defendant has not willfully violated any provisions of this Court's previous Judgment . . ." As to the plaintiff's motion that defendant post a bond to secure his obligations and the request for a restraining order, the court found "there is insufficient evidence to provide the relief requested." As to each party's motion for Rule 11 sanctions and plaintiff's motion for costs, fees and damages, the court found that the "parties have failed to meet their burden." As noted above, the trial court granted defendant's motion to dismiss, which was made pursuant to N.C. R. Civ. P. 12(b)(6). The only matter which was before the trial court was defendant's Rule 12(b)(6) motion. The parties and the court had previously agreed that this motion needed to be heard first, and agreed upon an expedited procedure to have the court make a ruling.
Rule 12(b) of the North Carolina Rules of Civil Procedure clearly states that:
If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
N.C. Gen. Stat. . 1A-1, Rule 12(b) (2005). It is clear from the trial court's 8 August 2005 order, and paragraph 5 of the 6 January 2006 order of dismissal that the scope of the trial court's review of plaintiff's motion was not restricted to the pleadings. We note that plaintiff does not assign error to either the 8 August 2005 order or to finding of fact 5 of the 6 January 2006 order, and they are therefore binding upon this court upon appeal. N.C. R. App. P. 10(a); Koufman v. Koufman, 330 N.C. 93, 97-98, 408 S.E.2d 729, 731 (1991).
While it would have been preferable for the trial court to have expressly stated that it was treating defendant's Rule 12(b)(6) motion as a Rule 56 motion, it is clear that this is what was done. The language in the order stating that there was "no genuine issue of material fact" is only appropriate in the context of a summary judgment analysis and is inconsistent with a Rule 12(b)(6) analysis which would be limited to the legal sufficiency of the allegations contained in plaintiff's motion. The fact that the trial court phrased the decretal portion of its order in terms of the granting of a motion to dismiss is not controlling. We look to the entire order to determine the nature of the trial court's ruling. See Bailey v. Handee Hugo's, Inc., 173 N.C. App. 723, 728-29, 620 S.E.2d 312, 316 (2005); see also Stanback v. Stanback, 297 N.C. 181, 254 S.E.2d 611 (1979).
The record establishes that the trial court considered the verified motion, response, and brief as affidavits, and treated defendant's motion as one for summary judgment. "Since the trial court in entering summary judgment rules only on questions of law, a summary judgment is fully reviewable on appeal." Va. Electric and Power Co. v. Tillett, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191 (1986) (citation omitted). "[I]t is not a part of the function of the court on a motion for summary judgment to make findings of fact and conclusions of law." Capps v. City of Raleigh, 35 N.C. App. 290, 292, 241 S.E.2d 527, 528 (1978). Although it can sometimes be helpful for the trial court to set out the undisputed facts, "the enumeration of findings of fact . . . is technically unnecessary and generally inadvisable in summary judgment cases, [and] . . . these findings of fact can be disregarded on appeal." Mercier v. Daniels, 139 N.C. App. 588, 590, 533 S.E.2d 877, 879 (2000) (citations and quotations omitted). In contrast, procedural findings of fact are proper because they do not resolve material issues of fact. See Mosley v. Finance Co., 36 N.C. App. 109, 111,243 S.E.2d 145, 147 (1978). We also note that it was appropriate for the trial court to make findings of fact as to the parties' Rule 11 motions. Turner v. Duke University, 325 N.C. 152, 381 S.E.2d 706 (1989).
We hold that plaintiff's first argument is without merit and except as hereinafter specifically noted, review the trial court's order as one granting summary judgment, applying a de novo standard of review.

III. Modification of Equitable Distribution and Permanent Alimony Judgment
In her second argument, plaintiff contends that the trial court erred in denying her motion for modification of the alimony provisions of the Judgment. We disagree.
N.C. Gen. Stat. . 50-16.9 (2005) states, in pertinent part, that an order for alimony "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . ." Id. However, "not any change of circumstances will be sufficient to order modification of an alimony award; rather, the phrase is used as a term of art to mean a substantial change in conditions, upon which the moving party bears the burden of proving that the present award is inadequate or unduly burdensome." Britt v. Britt, 49 N.C. App. 463, 470, 271 S.E.2d 921, 926 (1980) (emphasis in original, citations omitted).
Plaintiff's motion contains a number of allegations which she contends support her contentions that defendant is in willful contempt of court and also for modification of the Judgment.

A. Direct Deposit of Alimony Payments
Plaintiff's motion alleged that she requested that defendant pay her alimony payments by direct deposit, and that defendant has "steadfastly refused to do so."
In relevant part, paragraph 4C of the Judgment states:
C. The sum of $3,900 per month beginning May, 2004, payable on the first day of each month directly to Terri or by direct deposit to Terri's account.
This provision sets forth two alternate methods of payment by defendant. There is no allegation in plaintiff's motion that defendant has not timely complied with this provision, only that the plaintiff prefers direct deposit over direct payment. There is nothing in the Judgment that suggests that the trial court intended that plaintiff have the right to demand that defendant comply with a specific payment method. Finally, there are no allegations in the verified motion that there have occurred substantial changed conditions that would merit modification of this particular provision. The trial court did not err in granting summary judgment in favor of defendant as to this modification request.

B. Method of Paying Plaintiff's Uninsured Medical Bills
Plaintiff alleged that defendant changed the manner in which he handled the payment of plaintiff's uninsured medical bills. Prior to the entry of the Judgment, defendant deposited funds into an account, upon which plaintiff could draw for payment of medical bills. The Judgment provided: "Terri shall be responsible for 20% of all her uninsured medical expenses, and David shall be responsible for 80% of the uninsured medical expenses." Following the entry of the Judgment, defendant deducted plaintiff's 20% share of the uninsured medical bills from the $3,900 monthly alimony payment. In December 2004, plaintiff objected to this practice. As a result, defendant ceased deducting the 20% from the monthly alimony check, closed the bank account, requested that plaintiff submit the uninsured medical bills on a monthly basis, and stated that he would remit his 80% of the uninsured medical bills within 15 days of submission.
The gist of plaintiff's argument is that she cannot afford to cover the full expenses, and that the current arrangement would severely deplete her limited funds. However, plaintiff has made no showing that defendant has not complied with the terms of the Judgment. Plaintiff's motion contains no allegation that defendant has failed to pay his portion of the expenses, or that defendant has been untimely with these payments. The issue of the method of payment of plaintiff's uninsured medical bills is substantially identical to the issue of the method of payment of alimony, and we agree with the trial court that plaintiff has failed to make a sufficient showing that the change in the timing and method of payment is a substantial change in conditions such that "the present award is inadequate or unduly burdensome."
We hold that the trial court did not err in granting summary judgment in favor of defendant as to this modification request.

C. Payment of the Bill of T. Randolph Whitt
During the course of the trial in this matter, T. Randolph Whitt, a Certified Public Accountant, performed calculations on certain deferred asset values. Plaintiff alleges that "[i]t was understood that Defendant would defray that cost, as Plaintiff had no funds to do so."
The Judgment is devoid of any mention of how the fees of Mr. Whitt were to be handled. Plaintiff's verified motion asserts that it was understood that defendant would pay Mr. Whitt's fees. Defendant, on the other hand, asserts that the fees were to be paid by the plaintiff out of an $8,500 attorney's fee award.
The Judgment entered by the trial court was not a consent judgment, but was instead entered by the court after an extensive trial. The trial court had the authority to tax costs, including witness and expert witness fees as part of the Judgment. The Judgment does not mention Mr. Whitt's fees or tax them to either party. Since Judge Thalheimer presided over the trial, entered the Judgment, and ruled upon the plaintiff's motion, we assume that he knew whether he intended to tax Mr. Whitt's fees to the defendant as a portion of the costs. Since the Judgment was not a consent judgment, it is not the function of the trial court to enforce any alleged "understanding" between the parties as to the payment of Mr. Whitt's fees by means of a modification of the Judgment. The trial court did not err in granting summary judgment in favor of defendant as to this modification request.

D. Motion for Increase in Alimony Payments
Plaintiff's allegations pertaining to her motion for increase in alimony payments are as follows:
30. Primarily because of the medical and financial problems Plaintiff has incurred as a result of Defendant's misconduct, together with the vast litigation costs thereby made necessary, Plaintiff alleges there has been a substantial change of circumstances since the Court's May, 2004 ruling, so as to warrant and require an increase in Plaintiff's alimony award, the specifics of which are to be filed by separate affidavit prior to trial as prescribed by the Local Rules.
31. Plaintiff also alleges that Defendant has received promotions, bonuses and other remuneration since trial, so he is now even more capable financially to pay higher alimony to Plaintiff.
In order to support a modification of an existing alimony award, there must be a substantial change in circumstances, which must bear on the financial needs of the dependent spouse or the ability of the supporting spouse to pay. Britt, 49 N.C. App. at 470-71, 271 S.E.2d at 926. We have reviewed plaintiff's motion for allegations concerning possible changes in financial circumstances that have occurred since the entry of the Judgment. They support the following: (1) plaintiff will be advancing sums for uninsured medical expenses for some period of time prior to reimbursement by defendant; (2) plaintiff has incurred "vast litigation costs"; and (3) a vague allegation that defendant "is now even more capable financially to pay higher alimony."
With respect to the uninsured medical bills, we have remanded this issue to the trial court for hearing. However, regardless of the disposition of this issue by the trial court, there has been no showing of substantial increased financial needs of the plaintiff, only a slight delay in receiving reimbursement for uninsured medical bills from defendant. As to the litigation costs, our courts are allowed to award costs and attorney's fees only in limited situations as prescribed by statute. To predicate an increase in alimony payments upon one party's litigation costs would allow these statutes to be circumvented. Finally, a vague allegation of increased capacity to pay on the part of the defendant does not, standing alone, constitute a substantial change in conditions. See id. at 474, 271 S.E.2d at 928. The trial court did not err in granting summary judgment in favor of defendant as to this modification issue.
We further note that our affirmation of this ruling by the trial court does not preclude plaintiff from seeking future modifications in the event that substantial changes in conditions do in fact exist at that time.

IV. Contempt
In her third argument, plaintiff contends that the trial court erred in dismissing her motion to hold the defendant in contempt for willfully violating the provisions of the Judgment. We agree in part and disagree in part.
N.C. Gen. Stat. . 5A-21(a)(2a) states that "[f]ailure to comply with an order of a court is a continuing civil contempt as long as . . . [t]he noncompliance by the person to whom the order is directed is willful[.]" "A failure to obey an order of a court cannot be punished by contempt proceedings unless the disobedience is wilful, which imports knowledge and a stubborn resistance."Mauney v. Mauney, 268 N.C. 254, 257, 150 S.E.2d 391, 393 (1966). N.C. Gen. Stat. . 5A-11(a)(3) provides that criminal contempt is the "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution."Id. The word willful, "when used in a statute creating an offense, implies the doing of the act purposely and deliberately in violation of law." Clayton v. Clayton, 54 N.C. App. 612, 615, 284 S.E.2d 125, 127 (1981) (quoting In re Hege, 205 N.C. 625, 630, 172 S.E. 345, 347 (1934)). Willful "implies that the act is done knowingly and of stubborn purpose." Id. at 615, 284 S.E.2d at 127 (quoting State v. Falkner, 182 N.C. 793, 798, 108 S.E. 756, 758 (1921)).
Plaintiff's motion does not delineate which alleged conduct of the defendant she contends constitutes civil contempt, and which conduct constitutes criminal contempt, instead requesting "[t]hat Defendant be held in willful civil and criminal contempt of court."
We first note that since holding a party in contempt requires a determination by the trial court of willfulness, it is rarely appropriate for such a matter to be disposed of by means of granting a motion to dismiss pursuant to N.C. R. Civ. P. 12(b)(6) or a motion for summary judgment under N.C. R. Civ. P. 56. Only where it is absolutely clear that a party has not violated a provision of a court order should the trial court consider such a disposition.

A. Direct Deposit of Alimony Payments
As noted in our discussion of this matter under the motion for modification, there is no provision in the Judgment requiring defendant to make his alimony payments by direct deposit. The trial court did not err in granting summary judgment as to this alleged civil or criminal contempt.

B. Method of Paying Plaintiff's Uninsured Medical Bills
The Judgment required that defendant pay 80% of plaintiff's uninsured medical bills. The allegations of plaintiff's motion do not assert that defendant has failed to pay his portion of any of these bills. Rather, the dispute is over the manner and timing of the payments. Plaintiff fails to allege any conduct on the part of defendant that is in violation of the provisions of the Judgment as it presently exists. The trial court did not err in granting summary judgment as to this alleged civil or criminal contempt.

C. Payment of Bill of T. Randolph Whitt
As noted in our discussion of this matter under the motion for modification, the Judgment is devoid of any mention of the payment of Mr. Whitt's bill. Defendant cannot be held in contempt of a provision that is not in the Judgment. The trial court did not err in granting summary judgment as to this alleged civil or criminal contempt.

D. Transfer of Funds to Plaintiff
Paragraph 1B of the Judgment provided that defendant was to transfer to plaintiff certain bank accounts and sums of money, together with any passive appreciation on those accounts. Plaintiff's motion for contempt contains the following allegation:
14. In decretal paragraph 1B (a), it is clear that Defendant was to transfer certain accounts to Plaintiff in satisfaction of her equitable distribution award, and the reason for that is set forth in the Judgment. Notwithstanding, however, Defendant's counsel has submitted certain funds from those accounts without submitting the full accounts, thereby depriving Plaintiff of passive gains accumulated during the course of this extensive litigation. To this date, Defendant has continued in his failure to properly make such distributions to Plaintiff. Attached as Exhibit F, Exhibit G and Exhibit H are correspondence of October 26, 2004, November 19, 2004 and December 2, 2004, respectively.
There is no allegation in plaintiff's motion that defendant's conduct was willful. In fact, the attached correspondence between counsel reveals that defendant paid to plaintiff the sum of $55,641.66; that defendant agreed that plaintiff was entitled to any passive appreciation on certain of the accounts; that he was in the process of obtaining bank records to document the amount of the passive appreciation; and that plaintiff's disbursement of the funds tendered would not be construed as a release. The trial court did not err in granting summary judgment as to this alleged civil or criminal contempt.

E. Failure of Defendant to Properly Convey His Interest in the Marital Residence to Plaintiff
Plaintiff argues in her brief that defendant "[f]ailed to properly convey his interest in the former marital home to plaintiff, in violation of decretal paragraph 1D." However, the balance of the allegations of paragraph 20 of plaintiff's motion reveals that defendant sent an executed deed for the property to plaintiff in February 2005, and that the property has been listed for sale and sold. The trial court did not err in granting summary judgment as to this alleged civil or criminal contempt.

F. Failure to Provide Documentation for Drafting Qualified Domestic Relations Order
Paragraph 21 of plaintiff's motion states:
On February 23, 2005, Defendant finally complied with the requirement to submit requisite documentation to Plaintiff's counsel for the drafting of QDRO(s) to divide qualified plan(s) (Decretal § 1C). As a sanction for this violation, Plaintiff alleges that the Court should require Defendant to defray the cost and expense of drafting such document(s) as quickly as possible.
Paragraph 1C of the Judgment provides that defendant was to transfer a portion of his 401K account to plaintiff by means of a qualified domestic relations order ("QDRO"). This provision does not explicitly require that defendant provide any information to plaintiff, or a time frame within which the information was to be provided. The Judgment does direct plaintiff's counsel to prepare the QDRO. The motion on its face reveals that the information was provided almost three months prior to the filing of the motion. We hold that the trial court did not err in granting summary judgment as to this alleged civil or criminal contempt.

G. Failure to Provide Financial Information
Plaintiff alleged that defendant failed to provide certain financial information as required in paragraph 6 of the Judgment. This provision required that the parties provide the information "on or before April 20, 2005." Plaintiff's verified motion alleged that she has complied with the provision, and that defendant's failure to comply was "willful, without justification or excuse[.]" Defendant does not address this allegation in either his response to the motion or his verified brief. The only information before the trial court was that defendant failed to provide the information required in paragraph 6 of the Judgment. Defendant had knowledge of his obligation to provide this information, and his noncompliance presented a material issue of fact as to whether his actions were willful, which should not have been resolved on summary judgment. We hold that the trial court erred in granting summary judgment and remand this issue to the trial court for a hearing on the merits.

V. Plaintiff's Motion for Rule 11 Sanctions
In her fourth argument, plaintiff contends that the trial court erred in denying her motion to impose N.C. Gen. Stat. . 1A-1, Rule 11 sanctions against defendant. We disagree.
The trial court found as a fact that plaintiff had failed to meet her burden of proof for imposition of Rule 11 sanctions. Plaintiff did not assign error to this finding of fact. Under N.C. R. App. P. 10(a) (2007), this Court's review is limited to findings of fact and conclusions of law properly assigned as error. Koufman, 330 N.C. at 97-98, 408 S.E.2d at 731. "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." Id. at 97, 408 S.E.2d at 731.
While plaintiff did assign error to the trial court's conclusion of law pertaining to this issue, our review is limited to whether the conclusion of law is supported by the finding of fact. State v. Tate, 300 N.C. 180, 184, 265 S.E.2d 223, 226(1980). We hold that it is so supported, and that the trial court did not err in denying plaintiff's motion for Rule 11 sanctions.

VI. Security Bond
In her fifth argument, plaintiff contends that the trial court erred in denying her motion that defendant be required to post real estate, cash, or a surety bond as security for the performance of his alimony obligations. We disagree.
N.C. Gen. Stat. . 50-16.7(b) (2005) provides:
The court may require the supporting spouse to secure the payment of alimony or post separation support so ordered by means of a bond, mortgage, or deed of trust, or any other means ordinarily used to secure an obligation to pay money or transfer property, or by requiring the supporting spouse to execute an assignment of wages, salary, or other income due or to become due.
Id. (emphasis added).
Decisions interpreting N.C. Gen. Stat. . 50-16.7(a) provide guidance for our analysis of subsection (b). In Spillers v. Spillers, 25 N.C. App. 261, 212 S.E.2d 676 (1975), this Court stated that while N.C. Gen. Stat. . 50-16.7(a) gave the trial court the authority to order the transfer of certain property, "[t]his statute in no way renders it mandatory or incumbent upon the trial court to order any transfer of property as part of the wife's alimony."Id. at 264, 212 S.E.2d at 679. Where a statute is framed in terms of "may", any action pursuant thereto is discretionary, and our review of the judgment is under an abuse of discretion standard. Loren v. Jackson, 57 N.C. App. 216, 219, 291 S.E.2d 310, 312 (1982). Plaintiff's stated basis for seeking the bond is that she now feels insecure as a result of certain actions taken by the defendant. The principal action of defendant that has led to plaintiff's feelings of insecurity is that defendant has filed a suit seeking an absolute divorce from plaintiff. Plaintiff alleged that once divorced, health insurance coverage under COBRA will cease in 36 months and that this could result in higher insured and uninsured medical costs for both plaintiff and defendant. Further, she alleged that since defendant has no immediate plans for remarriage, his actions were "primarily to cause Plaintiff great fear and apprehension over the payment of her future medical expenses . . ."
While plaintiff's motion alleges that defendant has not made alimony payments in a manner satisfactory to the plaintiff, it does not allege that defendant has failed to make any alimony payments in a timely manner.
The trial court concluded that plaintiff's request for posting of a bond was "premature." We hold that the trial court's ruling was correct and that it did not abuse its discretion. This assignment of error is without merit.

VII. Attorney's Fees
In her sixth argument, plaintiff contends that the trial court erred in denying her motion for attorney's fees.
We do not reach this argument because we have remanded certain matters back to the trial court for further consideration. Thetrial court may consider plaintiff's request for attorney's fees after deciding the remanded matters.

VIII. Restraining Order
In her seventh argument, plaintiff contends that the trial court erred in denying her motion for a restraining order. We disagree.
Plaintiff's motion asks "[t]hat the Court enter a restraining order prohibiting Defendant from further harassing tactics that endanger the life and health of Plaintiff." In her brief, plaintiff characterizes the defendant's entire course of conduct as set forth in her motion as "harassing" which is causing "grave medical consequences for her."
We note that plaintiff cites no authority in her brief for the proposition that the court has the authority to enter such an order. While clearly the court has the authority to punish a recalcitrant party by means of contempt or sanctions, we know of no authority for a trial court to enter the type of broad, sweeping order sought by plaintiff, preemptively barring a party from engaging in unspecified future conduct. The trial court did not err in dismissing this motion for entry of a restraining order.
AFFIRMED in part; REVERSED and REMANDED in part.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).